[No. 3,870.]

## E. S. PILLSBURY v. A. G. BROWN.

FEES OF DISTRICT ATTORNEYS—MISDEMEANOR.—The statute of 1869-70, fixing the fees of District Attorneys upon conviction had for misdemeanors, refers only to misdemeanors defined as such by the general laws of the State, and not to convictions for violations of city ordinances, even if called misdemeanors, and prosecuted in the name of the people of the State.

WHAT IS A MISDEMEANOR.—A misdemeanor is an act or omission for which punishment, other than death or imprisonment, is denounced by a statute; that is, by a Legislative Act.

IDEM.—It is doubtful whether the Legislature has the power to enact in the charter of a city, that the violation of an ordinance, which the city may thereafter pass, shall be a misdemeanor.

VIOLATION OF CITY ORDINANCES.—The Legislature may enact that suits for the violation of a city ordinance shall be prosecuted in the name of the people of the State.

FEES OF DISTRICT ATTORNEY.—A District Attorney is not entitled to fees for prosecuting an offender convicted of violating a city ordinance.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The defendant appealed.

The other facts are stated in the opinion.

*Byers & Elliott,* for Appellant, argued that, as the city charter provided for a City Attorney, the prosecution should have been by that functionary, and that the Legislature could not delegate to the City Council the power to make offenses a misdemeanor; and on the latter point, cited Art. IV, Sec. 37, of the Constitution, and *People* v. *Austin,* 46 Cal. 520.

*A. W. Roysdon,* for Respondent, argued that the petitioner was the proper person to conduct the prosecution, and cited Charter of City, Statutes of 1871–2, p. 600; Constitution, Art. VI, Sec. 18; Political Code, Sec. 4256; Statutes 1869–'70, p. 170; Penal Code, Secs. 1426–57; id., Secs. 1457, 1570.

By the Court, WALLACE, C. J.:

This is an appeal from the judgment of the District Court of the county of San Joaquin, awarding a writ of mandamus, by which the appellant Brown, who is the Police Judge of the city of Stockton, is directed to pay over to Pillsbury, who is the District Attorney of the county of San Joaquin, the sum of $15, in the hands of the former as such Police Judge, which sum was collected of one Wentoby, as

part of a fine imposed upon him by the Police Court of the city, and is claimed by Pillsbury as his official fee, to which he has, as he asserts, become entitled by reason of such conviction. Wentoby was arrested upon the charge of committing a misdemeanor, set forth in a verified complaint filed in the Police Court in the name of the People of the State of California, in which complaint it was alleged that the said Wentoby, on a day therein named, in the city of Stockton, was openly and publicly drunk upon the streets of said city, and did then and there conduct himself in a manner offensive to public decency, "contrary to the provisions of Ordinance No. 4 of said city, and contrary to the forms of the statute in such cases made and provided, and against the peace and dignity of the People of the State of California." To this complaint Wentoby pleaded not guilty, and upon trial in the Police Court was convicted of said offense, and was sentenced to pay a fine of twenty-one dollars, which sum he then and there paid to the Police Judge, and was, thereupon, discharged from custody. The complaint was prepared by Pillsbury, as District Attorney of San Joaquin county, and he, in the name of the people of the State of California, prosecuted the said action to judgment. It is true, as claimed by the District Attorney, that it is his official duty to "institute proceedings before magistrates for the arrest of persons charged with, or reasonably suspected of public offenses." (Pol. Code, Sec. 4,256, Subdivision 2), that is to say, charged with acts or omissions violative of law and amounting to felonies or misdemeanors (Penal Code, Sections 15–18.) The statute (Acts 1869–70. p. 170) provides a fee of $15 for the District Attorney upon each conviction for such misdemeanor, to be taxed against the offender and collected of him, and in cases where the same cannot be so collected of the offender, then to be collected of the county in which such conviction is had, and to be paid to the District Attorney out of the funds in the County Treasury. Did the offense, of which Wentoby was convicted in this instance, amount to a misdemeanor, upon a conviction of which the District Attorney was entitled to receive a fee of $15? We think it did not.

A misdemeanor is an act or omission for which a punishment, other than death or imprisonment in the State Prison, is denounced by law—that is, by the will of the supreme power, expressed by statute. (Pol. Code, Sections 4,466-7.) There is no statute, at least none is called to our attention, under which the misconduct of Wentoby, of which he was convicted in the Police Court, amounts to a misdemeanor. The intoxication of a physician, an engineer, a conductor, a driver, a train dispatcher, or a telegraph operator, is, under certain prescribed circumstances, a misdemeanor; but Wentoby was none of these. His offense was a breach of Ordinance No. 4, passed by the municipal government of the city of Stockton—nothing more. It is true that he was prosecuted in the name of the People of the State of California, and that the prosecution was conducted by their local law officer, but, after all, the gravamen of the proceeding was the breach of the ordinance of the city, and had there been no such ordinance in force, when the fact occurred, the prosecution must have failed. But it is said that the offense of Wentoby was a misdemeanor, notwithstanding it has not been declared to have been such by any statute directly constituting it such, and in support of this position we are referred to the Act of March 27th, 1872, reincorporating the city of Stockton (Acts 1871-2, p. 595), which, upon this point, is as follows: "And every violation of any lawful order, regulation or ordinance of the City Council of the city of Stockton is hereby declared a misdemeanor or public offense, and all prosecutions for the same may be in the name of the People of the State of California." While there can be no doubt of the authority of the Legislature to provide that penalties for the breaches of city ordinances may be inforced by proceedings against offenders in the name of the People of the State, a serious question might arise as to its authority to enact, that the breach of any ordinance of the City Council thereafter to have passed should constitute a misdemeanor, since this would, in effect, be to delegate to the City Council the power to enact laws, in the strict sense. But however this may be, we think that the statute of 1869-70,

already referred to, in fixing the fees of District Attorneys upon convictions had for misdemeanors committed, referred only to misdemeanors defined as such by the general public law of the State, and not to convictions for the breaches of mere local municipal ordinances, even though termed misdemeanors for convenience of general designation and prosecuted in the name of the People of the State. The people of the State have no interest whatever in the fines collected in prosecutions for breaches of city ordinances, for these go into the city treasury, entirely under the control of the city authorities, and the District Attorney of the county of San Joaquin is an officer of a corporate political organization entirely distinct from that of the city of Stockton. Under the construction of the statutes, claimed by the District Attorney, too, the strange result would follow that, while in all cases of collection of fines upon breaches of city ordinances, the moneys so collected would, as we have seen, go into the treasury of the city; in all other cases, in which the fines imposed had not been collected, the fees of the District Attorney would, by the statute of 1869–70, became a charge, not against the city of Stockton, but against the county of San Joaquin, and to be paid out of its treasury.

We think that a result so inequitable could not be reached except by misconstruction of the statute.

Judgment reversed. Remittitur forthwith.