[No. 20809. In Bank. — June 16, 1891.]

## Ex parte JAMES HALSTED, on Habeas Corpus.

JURISDICTION OF POLICE COURT — PETIT LARCENY — LOS ANGELES — WHITNEY ACT. — The city of Los Angeles, so far as its police courts are concerned, is governed by the act of March 18, 1885, known as the Whitney act, establishing police courts in cities having more than thirty thousand and less than one hundred thousand inhabitants, and conferring upon the police court exclusive jurisdiction of certain public offenses, including petit larceny.

ID. — HABEAS CORPUS — TIME OF APPLICATION OF WHITNEY ACT. — Upon an application for a release on *habeas corpus* of one convicted of the crime of petit larceny in the police court of Los Angeles, it is unnecessary to determine the precise time when that city passed into the class of cities entitled to police courts, where it is apparent that it certainly changed long prior to the arrest, conviction, and commitment of the petitioner.

ID. —PLACE OF IMPRISONMENT FOR NON-PAYMENT OF FINE — CITY JAIL. — There is no conflict between the provisions of the Penal Code and those of the Whitney Act (act of March 18, 1885), in regard to the place of imprisonment for non-payment of a fine of persons convicted in the police courts, and the police court has the power to direct imprisonment in the city jail as a means of collecting a fine of all persons convicted in such courts.

ID. — REQUIREMENT OF LABOR — REVIEW UPON HABEAS CORPUS. — The fact that persons imprisoned in the city jail may be required to labor, which may impose a hardship different from that suffered by persons outside of such cities, cannot be considered upon *habeas corpus*.

APPLICATION to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*J. A. Donnell,* and *Charles T. Howland,* for Petitioner.

*James McLachlan, contra.*

PATERSON, J.—The petitioner was convicted of the crime of petit larceny in the police court of the city of Los Angeles, and as a penalty therefor the court imposed a fine of $150, and in default of payment thereof, ordered that he be imprisoned in the city jail of the city of Los Angeles one day for each and every dollar of said fine remaining unpaid.

It is claimed by his counsel that there was no police

court in the city of Los Angeles on the day of the arrest, conviction, and commitment of the petitioner, and that if such court existed, there was no authority to commit the petitioner to the city jail.

The judgment against the petitioner was entered on the fifth day of February, 1891. At that time, and long prior thereto, the city of Los Angeles was a city having over thirty thousand inhabitants. It was intimated by the court at the oral argument that the census was complete, so far as the classification of cities is concerned, as soon as the returns were filed in the office of the superintendent of census at Washington. It is unnecessary, however, for us in this case to determine the precise time at which the city of Los Angeles passed into the class of cities having more than thirty thousand and less than one hundred thousand inhabitants. It certainly changed long prior to the arrest, conviction, and commitment of the petitioner. We held in *People* v. *Henshaw,* 76 Cal. 436, that the act of March 18, 1885, popularly known as the Whitney act, is not obnoxious to section 1 of article 11 of the constitution, providing that "all laws of a general nature shall have a uniform operation"; that the act is not local or special legislation; that the legislature has the power to classify municipal corporations according to population; and that it has power to pass general laws affecting municipal corporations, without reference to the question whether such corporations were formed before or after the adoption of the constitution of 1879. It follows, therefore, that the city of Los Angeles, so far as its police courts are concerned, is now governed by the provisions of the Whitney act. That act confers upon the police court exclusive jurisdiction of certain public offenses, including petit larceny.

The only question which remains to be considered is, whether the police court has power to imprison in the *city* jail as a means of collecting a fine.

Section 1446 of the Penal Code provides that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the fine." There is nothing in the code which prescribes the place of imprisonment for non-payment of a fine. The Whitney act does provide that "in all cases of imprisonment of persons convicted in said police court of any offense committed in the city, the persons so to be imprisoned, or by ordinance required to labor, shall be imprisoned in the city jail, or if required to labor, shall labor in the city." There is, therefore, no conflict between the provisions of the code and those of the act referred to, and we think there can be no doubt of the power of the police court to direct imprisonment in the city jail.

The suggestion that persons imprisoned in the city jail may be required to labor, which may impose a hardship different from that suffered by persons outside of cities, cannot be considered in this proceeding. The judgment itself does not direct that the petitioner be required to labor, and if it did, the judgment as to the imprisonment would not be void. In *Ex parte Fil Ki*, 80 Cal. 201, we held that a person convicted for contempt would be discharged from hard labor on the streets upon writ of *habeas corpus*, but would not be discharged from imprisonment by reason of being put at such labor.

The petitioner is remanded to the custody of the chief of police of the city of Los Angeles.

BEATTY, C. J., HARRISON, J., SHARPSTEIN, J., and MC-FARLAND, J., concurred.