[Civ. No. 640.   Second Appellate District.—September 22, 1909.]

UNION ICE COMPANY, a Corporation, et al., Petitioners, v. H. H. ROSE, City Justice of the Peace and Ex-Officio Police Judge of the City of Los Angeles, Respondent.

PROHIBITION—JURISDICTION OF LOS ANGELES POLICE COURT—MISDEMEANOR UNDER CARTWRIGHT LAW—CODE PENALTY EXCEEDED—REPEAL BY ACT ESTABLISHING COURT.—Prohibition will not lie to prevent the police court of the city of Los Angeles from punishing a misdemeanor committed under the Cartwright law forbidding conspiracies against trade, on the ground that the penalty affixed thereby exceeds the limit fixed by section 4426 of the Political Code, it appearing that that section was repealed by section 2 of the act of 1901 establishing that court, and giving it jurisdiction of all misdemeanors.

ID.—MISDEMEANOR DEFINED.—Misdemeanors are not defined as being punishable by fine or imprisonment in the city or county jail, but

are those offenses for which the penalty imposed, whatever it be, is other than death or imprisonment in the state prison.

ID.—CONSTITUTIONALITY OF ACT CREATING LOS ANGELES POLICE COURT—CLASSIFICATION.—The act creating the police court of Los Angeles is not special legislation, but is based upon the classification of cities of the one and one-half class, and is a general law applicable to all cities of that class, and as it confers exclusive jurisdiction of all misdemeanors upon the police courts in all cities of that class, it repeals section 4226 of the Political Code, so far as it applies to such court in cities included in that class.

ID.—EXTENT OF POWER TO CLASSIFY CITIES.—The power to classify cities is not limited to purposes of regulating their incorporation and organization, but includes the purpose of supplying the general laws required by the varying needs of the municipalities so classified.

ID.—PLACE OF IMPRISONMENT.—Although the Cartwright law does not fix any place of imprisonment, it is sufficient that the classification act provides for imprisonment in the city jail, and it is the duty of the court so to provide.

ID.—CONSTRUCTION OF CARTWRIGHT LAW.—*Held,* that the provisions of the Cartwright law do not indicate that it was not the intention that the police court of the city of Los Angeles should not have jurisdiction of a complaint for a misdemeanor under that act, though its phraseology indicates that in some jurisdictions the offense may be triable in the superior court by information or indictment.

PETITION for writ of prohibition to the Police Court of the City of Los Angeles. H. H. Rose, Judge.

The facts are stated in the opinion of the court.

Sidney J. Parsons, O'Melveny, Stevens & Millikin, Wm. J. Variel, J. N. O. Rech, and Gray, Barker & Bowen, for Petitioners.

U. S. Webb, Attorney General, George Beebe, Deputy Attorney General, J. D. Fredericks, District Attorney, and Frank W. Blair, Deputy District Attorney, for Respondent.

SHAW, J.—This is an application for a writ of prohibition to prevent the police court of the city of Los Angeles and H. H. Rose, a judge thereof, from proceeding further in the prosecution of an action of the people of the state of Cali-

fornia against the petitioners upon a criminal charge of violating the provisions of an act of the legislature of the state of California, approved March 23, 1907 (Stats. 1907, p. 984), commonly known and designated as the "Cartwright Law."

Petitioners base their application upon two grounds: First, that the act in question fails to designate the offense described therein as a misdemeanor, and likewise fails to specify the place of confinement on conviction. Second, conceding the violation of the provisions of said act to constitute a misdemeanor only, the act of 1901 establishing the police court of Los Angeles, approved March 5, 1901, in so far as it attempts to confer jurisdiction upon said court, is unconstitutional.

Section 1 of the Cartwright act defines a trust and declares every such trust to be unlawful, against public policy, and void. There is no express designation of the offense, and whether such violation of the acts prohibited constitutes a misdemeanor or a felony must be determined by reference to the punishment prescribed for a violation of its provisions. By section 4 of the act it is declared: "Any violation of either or all of the provisions of this act shall be and is hereby declared a conspiracy against trade, and any person who may become engaged in any such conspiracy or take part therein, or aid or advise in its commission, or who shall as principal, manager, director, agent, servant or employee, or in any other capacity, knowingly carry out any of the stipulations, purposes, prices, rates, or furnish any information to assist in carrying out such purposes, or orders thereunder or in pursuance thereof, shall be punished by a fine of not less than fifty ($50) dollars nor more than five thousand ($5,000) dollars, or be imprisoned not less than six months nor more than one year, or by both such fine and imprisonment. Each day's violation of this provision shall constitute a separate offense."

Under the provisions of this section the acts with which petitioners are charged with doing constitute a public offense or crime. (Pen. Code, sec. 15.) By section 16 of the Penal Code, crimes are divided into two, and only two, classes: 1. Felonies; 2. Misdemeanors. Section 17 of the Penal Code defines these two classes of crimes as follows: "A felony is a crime which is punishable with death, or by imprisonment in the state prison. Every other crime is a misdemeanor." The law does not define misdemeanors as those offenses pun-

ishable by fine or imprisonment in the *county or city jail,* but
as those for which the penalty imposed, whatsoever it may
be, is other than *death* or imprisonment in the *state prison.*
The conclusion would therefore seem irresistible that, since
the offense is clearly a crime for which a penalty is imposed,
the punishment for which, however, is not that prescribed for
a felony, it must necessarily and logically follow that it is a
misdemeanor.    As said in *Pillsbury* v. *Brown,* 47 Cal. 480:
"A misdemeanor is an act or omission for which a punish-
ment, other than death or imprisonment in the state prison,
is denounced by law."

Conceding the offense designated to be a misdemeanor, pe-
titioners, nevertheless, insist that the police court of cities
of the one and one-half class, to which the city of Los An-
geles belongs, is without jurisdiction to try the case.    This
contention is based upon the claim that, while the right of
the legislature to create the court is unquestioned, the act of
1901, under which such court was established, in so far as it
purports to confer upon the court exclusive jurisdiction of
all misdemeanors committed in the city, is not only in con-
flict with section 4426, Political Code, but is an attempted
exercise of power not warranted by the constitution.

Said section 4426, Political Code, provides that: "The po-
lice court has exclusive jurisdiction of the following pub-
lic offenses committed within the city boundaries: . . . 3.
Breaches of the peace, riots, affrays, committing willful in-
jury to property, and all misdemeanors punishable by fine
not exceeding five hundred dollars or by imprisonment not
exceeding six months, or by both such fine and imprison-
ment." Under the provisions of this section it would seem
clear that the police court has not jurisdiction of misde-
meanors committed under the Cartwright law, for the reason
that such offenses are punishable by fines and imprisonment
in excess of that over which such courts are thereby given
jurisdiction.    Section 2 of the act of 1901, creating police
courts for cities of the one and one-half class, provides: "Said
police court shall have exclusive jurisdiction of all misde-
meanors punishable by fine or by imprisonment, or by both
such fine and imprisonment, committed in the city where such
police court is held; and in all such cases to try and deter-
mine the same, convict or acquit, pass and enter judgment

and carry such judgment into execution as the case may require, according to law." Say petitioners in their brief, "Obviously, if this statute is constitutional, the police court has jurisdiction in the present case." Section 1, article VI, of the constitution, provides that the judicial power of the state shall be vested in certain designated courts, "and such inferior courts as the legislature may establish in any incorporated city or town, or city and county." Section 13 of the same article empowers the legislature to fix by law the jurisdiction of any inferior courts which may be established in pursuance of section 1 thereof.

It is contended by petitioners that by section 4426, Political Code, the legislature did, pursuant to section 13 of article VI, fix by law the jurisdiction of police courts throughout the state, and that the jurisdiction attempted to be conferred by section 2 of the said act of 1901 is contrary to the provisions of section 25, article IV, of the constitution, which provides: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: First. Regulating the jurisdiction and duties of justices of the peace, police judges, and of constables."

In our judgment, there is no merit in this contention. Section 2 of the act of 1901, whereby jurisdiction to try *all misdemeanors* committed in cities of the one and one-half class is conferred upon police courts of such cities, is a general law applicable to police courts of all cities included in such classification. The power to classify conferred by section 6, article XI, so far as cities are concerned, is not limited strictly to purposes of incorporation and organization. As said by the supreme court in *Rauer* v. *Williams,* 113 Cal. 401, [50 Pac. 691] : "It is entirely too narrow a view to say that the power to classify cities conferred upon the legislature in article XI, section 6, means the power to classify them only for the purpose of regulating their incorporation and organization." And quoting further from the same case: "The power to classify, which is thus conferred, would be meaningless unless the classifications made were to be employed by the legislature for the purpose of supplying the general laws required by the varying needs of the municipalities so classified." In *People* v. *Henshaw,* 76 Cal. 436, [18 Pac. 413], the same court says: "That cities containing a large

population require different legislation from those composed of a few hundred inhabitants, is evident. To so classify them that general laws applicable to these separate classes will meet the necessities of the case was a wise provision, and a law which applies to one or more, but not to all, of these cases, is not for that reason special legislation.'' To the same effect is *Cody* v. *Murphey,* 89 Cal. 522, [26 Pac. 1081].

Now, while a law which applies to one class only is not for that reason obnoxious as special legislation, nevertheless, to constitute it a general law sufficient reason must appear to justify such application. (*Rauer* v. *Williams,* 113 Cal. 401, [50 Pac. 691].) With reference to section 2 of the act in question, the reasons for holding it a general law are both apparent and cogent. The constitution, section 5, article VI, provides that the superior court shall have jurisdiction of all cases of misdemeanor *not otherwise provided for.* It is thus left with the legislature to provide inferior courts upon which it may confer jurisdiction in all cases of misdemeanor when the. necessity therefor arises. The superior courts of one county might be sufficient to dispose of all the litigation, including all misdemeanors brought before it, while like courts of another county, by reason of the density of population, or owing to the volume of litigation, might afford wholly inadequate facilities for the disposal of business; hence, an exercise of the power vested in the legislature is necessary to relieve the superior courts by conferring upon inferior courts jurisdiction to try either all or only part of the misdemeanors committed within their respective jurisdictions, as the exigencies of the case may demand. In *Green* v. *Superior Court,* 78 Cal. 556, [21 Pac. 307, 541], the court, in discussing a like contention urged against a law conferring jurisdiction upon a police court of San Francisco in cases of conspiracy which were punishable by fine of $1,000 and imprisonment for one year said: ''In counties like San Francisco, or other counties in which large cities are situated, where the superior court in all its departments is necessarily crowded with business, the necessity may exist for the transfer of misdemeanors and petty offenses to inferior courts, with a view of relieving the higher courts of the burden of trying the same, while in other counties no such necessity exists. And it may be for this very reason that the constitution provides for the estab-

lishment of inferior courts in cities, towns, and cities and counties, and not generally throughout the state." It is apparent that in some cases, for the purpose of affording relief to the superior courts, inferior courts should be given exclusive jurisdiction over *all misdemeanors,* whereas in other cases the superior courts are able to dispose of all or a part of such petty cases. (See generally, as sustaining the foregoing view: *Ex parte Halsted,* 89 Cal. 471, [26 Pac. 961]; *Ex parte Mitchell,* 120 Cal. 384, [52 Pac. 799].) We therefore conclude that the act of 1901 creating police courts for cities of the one and one-half class, in so far as it confers exclusive jurisdiction upon such courts in *all cases of misdemeanor,* is not subject to attack as special legislation, but that such provision is a general law which, by reason of its repugnancy to the provisions of section 4426, Political Code, repeals the latter so far as it applies to such courts in cities included within said classification.

While the Cartwright law provides for punishment of the offense designated by imprisonment, it does not specify the place of imprisonment. Inasmuch, however, as we hold the offense to be a misdemeanor as to which the police court has jurisdiction, we must, in the absence of other provision, look to the act of 1901 for a designation of the place of imprisonment. Section 12 of said act is as follows: "In all cases of imprisonment of persons convicted in said police court of any offense committed in the city, the person so to be imprisoned, or by ordinance required to labor, shall be imprisoned in the city jail, or, if required to labor, shall labor in the city." There appears to be no doubt that under this provision it is the, duty of the police court to direct imprisonment in the city jail. (*Ex parte Henshaw,* 73 Cal. 486, [15 Pac. 110].)

So far as concerns the offense with which petitioners are charged, there is no merit in their contention that certain provisions of the act indicate that it was not the intent of the legislature that the police court should have jurisdiction of the matter. The act not only provides for criminal prosecutions, but for civil actions in damages, for forfeitures, etc. The fact that section 5 of the act implies that criminal proceedings may be commenced by complaint, information, or indictment is unimportant. Section 1426, Penal Code, requires all proceedings in the police court to be commenced

by complaint, while section 888, Penal Code, provides that all public offenses triable in the superior courts must be prosecuted by indictment or information. The fact that the legislature by section 5 of the act not only specifies what shall constitute a sufficient statement of the offense in an information and indictment, but also what shall constitute a sufficient complaint in a prosecution, furnishes "internal evidence" that the legislature recognized that the act designated a misdemeanor which in some jurisdictions was triable in the superior court, while in others it was triable in the police court.

For the foregoing reasons the alternative writ heretofore issued is vacated and annulled, and the application for the writ of prohibition is denied.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 22, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1909.