STATE, RESPONDENT, *v.* TOY, APPELLANT.

(No. 5,161.)

(Submitted October 25, 1922. Decided December 8, 1922.)

[211 Pac. 303.]

*Criminal Law—Sale of Narcotics—Information—Stating Several Offenses—Waiver of Objection—Evidence—Offer of Proof—Instructions—Imprisonment—Place of Confinement—Judgment.*

Criminal Law—Information Stating Several Offenses—Failure to Demur —Waiver of Objection.

1. The objection that the information states more than one offense can only be made by demurrer, and when not made before plea is waived.

Same—Excluding Evidence—Error—When Offer of Proof Required.

2. Before a court can be put in error on direct examination of a witness in sustaining objection to a question, where the question does not clearly indicate the answer itself, an offer of proof must be made and denied.

Same—Sale of Narcotics—Instructions—When Refusal not Error.

3. Where in a prosecution for violating the narcotic law the court had given an instruction that the jury, in passing on the credibility of a witness could take into consideration the fact that he was an habitual user of drugs and their effect on his powers of recollection and perception, *etc.,* refusal of one covering the same subject was not error.

[65 Mont. 230.]

Same—Insufficiency of Evidence—Conflict—Appeal.

    4. In a criminal prosecution where the evidence presents a sharp conflict the supreme court will not reverse the judgment on the ground that the evidence is insufficient to sustain it unless there is clearly substantial error in weighing the testimony or judging the credibility of the witnesses.

Same—Judgment—Imprisonment—Place not Named—Jail Proper Place.

    5. Where, as in the Act prohibiting traffic in narcotics (sec. 3202, Rev. Codes 1921), the law does not fix the place of imprisonment, the place is in the county jail or city prison, and therefore a judgment not prescribing where the imprisonment shall be served is not invalid.

*Appeals from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

WILLIAM TOY was convicted of violating the narcotic law, and appeals from the judgment and an order denying his motion for a new trial. Affirmed.

*Messrs. Lamb & Malloy,* for Appellant, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

The jury disregarded the testimony of the defendant and all of his witnesses, and convicted the appellant upon the unsupported testimony of this cocaine and morphine addict.

It is no longer a debatable question as to the effect upon a human being of the use of cocaine and morphine, and it is universally recognized that those who subject themselves to this influence are unworthy of belief. (*State* v. *White,* 10 Wash. 611, 39 Pac. 160, 41 Pac. 442; *State* v. *Fong Loon,* 29 Idaho, 248, L. R. A. 1916F, 1198, 158 Pac. 233.)

Appellant contends that inasmuch as section 3202, Revised Codes of 1921, does not specify where the imprisonment shall be, the jury had no power to fix the punishment of the appellant by imprisonment in the county jail and the court had no power, under said verdict, to fix the punishment of the appellant by imprisonment in the county jail.

If the legislature has the power to prescribe the imprisonment without designating the place of imprisonment and if the district courts have the power to designate the place of imprisonment, then the alleged public offense of which the appel-

lant is accused is a felony and the appellant has not had a constitutional trial, for there is no general statute in this state prescribing the place of imprisonment where the place of imprisonment is not otherwise prescribed.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

The offense for which appellant is here charged and convicted was not a crime at common law. So, when it is made a crime by statute and that statute does not expressly state whether it is a misdemeanor or a felony, the presumption is that it is a misdemeanor. (*State* v. *Hill,* 91 N. C. 561; *United States* v. *Belvin,* 46 Fed. 385; 16 C. J. 1376, sec. 3240; see, also, *Gherna* v. *State,* 16 Ariz. 344, Ann. Cas. 1916D, 94, 146 Pac. 494; *Brooks* v. *People,* 14 Colo. 413, 24 Pac. 553.)

The word "imprisonment" means imprisonment in the county jail unless expressed by the statute to be in the penitentiary. (*Ex parte Cain,* 20 Okl. 125, 93 Pac. 974; *Cheaney* v. *State,* 36 Ark. 75; *State* v. *McNeill,* 75 N. C. 15; *Walden* v. *State,* 50 Fla. 151, 39 South. 151; *Commonwealth* v. *Francis,* 250 Pa. 350, 95 Atl. 798.) In the case of *Horner* v. *State,* 1 Or. 268, where the statute was silent as to the place of imprisonment, but providing a penalty of imprisonment at not more than one year, the court held it was error to sentence the defendant to the penitentiary.

Witness Hart testified that he was taking the cure and was taking less than a grain a day. There was no evidence that he had taken any narcotic on the day he testified in the case or that he was at all under its influence at the time he was on the witness-stand.

In the case of *State* v. *White,* 10 Wash. 611, 39 Pac. 160, 41 Pac. 442, cited by appellant, the witness admitted that he was under the influence of opium, both at the time of the occurrences to which he testified and when he was on the stand. The court in that case said that was no reason why his testimony should be excluded, but that the jury should be in-

structed as to the credence to be given it. (See, also, *Mc-Dowell* v. *Prestin*, 26 Ga. 528; *Eldridge* v. *State*, 27 Fla. 162, 9 South. 448; 40 Cyc. 2575.)

It has been held that a witness could not be questioned relative to his addiction to a narcotic habit, unless it was shown that, at the time of the occurrence to which he testified or at the time he 'was testifying, he was under the influence of the narcotic, or was such a habitual user that his mind was affected. (*State* v. *Gleim*, 17 Mont. 17, 52 Am. St. Rep. 655, 31 L. R. A. 294, 41 Pac. 998; *Williams* v. *United States*, 6 Ind. Ter. 1, 88 S. W. 334; *Botkin* v. *Cassady*, 106 Iowa, 334, 76 N. W. 722; *State* v. *King*, 88 Minn. 175, 92 N. W. 965.)

MR. COMMISSIONER BORTON prepared the opinion for the court.

This is an appeal from a judgment of conviction and from an order overruling defendant's motion for a new trial.

There are twelve specifications of error, eleven in the brief and one presented by stipulation of counsel upon the hearing. These may be grouped for consideration under the following questions: (1) Does the information state a public offense? (2) Did the court err in sustaining state's objection to a question-propounded by the defendant? (3) Did the court err in refusing to give certain instructions asked for by the defendant? (4) Is the evidence sufficient to support the verdict? (5) Is the judgment a valid judgment? And (6) Did the court err in denying defendant's motion for a new trial?

1. The appellant Toy was convicted in the court below of an infraction of the narcotic law. The jury under the instructions of the court fixed his punishment at imprisonment in the county jail for one year, and a fine in the sum of $1,000. At [1] the opening of the testimony the defendant sought to challenge the information by objection to the receiving of any testimony on the ground that said information set forth more than one offense. This objection can only be taken by demurrer (sec. 11898, Rev. Codes 1921), and when not taken before plea, is waived. (*Id.*, sec. 11906; *State* v. *Mahoney*, 24

[65 Mont. 230.]
Mont. 281, 61 Pac. 647; *State* v. *Kanakaris,* 54 Mont. 180, 169 Pac. 42.)

2. It was the theory of the defendant that the sale, if any was made, of the narcotics, was by a Chinaman of the name of Gain Hueng, familiarly called the "old man," and that after the sale had been made the "old man" requested the witness King to keep the marked money for him, but that, being advised by King that the defendant, Toy, had returned, thereupon handed the money to Toy. During the taking of the testimony of the witness Charlie King, and at the conclusion of this testimony, "after the white man went back in the rear about fifteen or twenty minutes Gain Hueng came out and gave some money to me, and I told him, 'You give the money to Toy.' He attempted to give me a twenty dollar bill and two silver dollars. He then gave it to Toy, and told him to keep it for him, and I seen Toy put it in his pocket"—the defendant proposed the following question: "Had Gain Hueng, the 'old man,' ever given you any money before, while Toy was in Helena, to keep for him?" This question was objected to by the state as incompetent, irrelevant and immaterial, not appearing in any issue in the case, and the objection was sustained. There was no offer of proof subsequent to the sustaining of the objection to the question.

Before a court can be put in error on the direct examination of a witness in sustaining an objection to a question where the question does not clearly indicate the answer itself, an offer of proof must be made and denied. (*Herzig* v. *Sandberg,* 54 Mont. 538, 172 Pac. 132.) Can it be fairly said that this question indicates clearly the answer intended to be elicited? It does not. Even if it did, and it became material in proving a custom, other questions must necessarily have been asked along the same lines. For example, if the question was answered "Yes" then it must become important to ascertain how many times, as proving or failing to prove custom. It is clearly apparent therefore that, since the question does not clearly indicate the answer, and in itself does not go far enough to establish custom, and no offer of

proof was given, the court was not in error in sustaining the objection.

3. The court refused to give defendant's requested in-
[3]   structions Nos. 3a and 4a, and properly so. Their essential elements were covered by court's instruction No. 1a, which is as follows: "You are instructed that in judging the credibility of a witness and the weight to be given to his testimony, you are entitled to take into consideration the fact, if it be a fact, that such a witness is a habitual user of drugs and their effect, if any, on his powers of recollection and perception and on his mental and moral sensibilities."

4. There is a sharp conflict in some of the material evidence,
[4]   but under the familiar rule, many times enunciated by this court, this court will not interfere, unless there is clearly a substantial error in weighing the testimony or judging the credibility of witnesses. (*State* v. *Pippi,* 59 Mont. 116, 195 Pac. 556.) Neither one of these errors appears in this cause, and we conclude that there was sufficient evidence to sustain the conviction.

5. The judgment is assailed for the reason that the law does
[5]   not prescribe where the imprisonment shall be served. The penalty for the violation of the Act is as follows: "Any person who violates or fails to comply with any of the requirements of this Act shall, on conviction, be punished by a fine of not more than one thousand dollars or by imprisonment for not more than three years, or by both such fine and imprisonment." (Sec. 3202, Rev. Codes 1921.)

It is the general rule that where no place of imprisonment is fixed by the statute, such imprisonment is in the county jail or city prison, as the case may be, rather than in the penitentiary. This rule is supported by *Gherna* v. *State,* 16 Ariz. 344, Ann. Cas. 1916D, 94, 146 Pac. 494; *Union Ice Co.* v. *Rose,* 11 Cal. App. 357, 104 Pac. 1006; *Commonwealth* v. *Francis,* 250 Pa. 350–352, 95 Atl. 798. Therefore the judgment was not invalid, since it fixed the place of imprisonment in the county jail.

6. What has been said above relative to the sufficiency of the evidence to support the verdict is applicable to the consideration of the action of the court in denying defendant's motion for a new trial; and in this particular the court did not err.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*