[Crim. No. 1221.   First Appellate District, Division Two.—December 2, 1924.]

In the Matter of the Application of CHARLES SCHIAF-FINO for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—BURGLARY WITH EXPLOSIVES—DEGREE OF CRIME—PLACE OF IMPRISONMENT.—Since section 464 of the Penal Code, which relates to the crime of "burglary with explosives," and which provides that "Any person duly convicted of burglary with explosives shall be punished by imprisonment for a term of not less than twenty-five nor more than forty years," does not either specify the place of confinement or declare the crime a felony, such offense must be deemed a misdemeanor punishable by imprisonment in the county jail.

(1) 16 C. J., p. 1376, n. 19.

PROCEEDING on Habeas Corpus to secure the release of petitioner from the state prison after conviction of the crime of burglary with explosives.   Writ granted.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The petitioner was convicted in the superior court in Lake County of the crime of burglary with explosives as denounced in section 464 of the Penal Code. On January 3, 1919, he was sentenced by said superior court to be confined in the state prison for the term prescribed by that section, to wit: not less than twenty-five nor more than forty years. He has instituted this proceeding in *habeas corpus* to secure his release from custody upon the ground that the section of the code, though defining the crime and providing for a term of punishment, does not either specify the place of confinement or declare the crime a felony. [1] The provisions of the section so far as material to this proceeding are, "Any person who, with intent to commit crime, breaks and enters, . . . any building, . . .

and opens any vault . . . by use of nitroglycerin . . . shall be deemed guilty of burglary with explosives. Any person duly convicted of burglary with explosives shall be punished by imprisonment for a term of not less than twenty-five nor more than forty years." Section 17 of the Penal Code provides: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor."

The district court of appeal of the third appellate district in the *Matter of Humphrey,* 64 Cal. App. 572 [222 Pac. 366], had occasion to consider a similar question in a proceeding involving an interpretation of the Wright Act, which adopts by reference the similar provisions of the Volstead Act. (Stats. 1921, p. 79.) It appears that section 29 of the Volstead Act provides: "Any person who manufactures or sells liquor . . . shall be . . . imprisoned for not less than one month nor more than five years." Conviction having been had under the statute, the defendant was sentenced to imprisonment in the state prison for "the term provided by law." He instituted a *habeas corpus* proceeding before the appellate court, and in discharging the prisoner that court said: "The term 'punishable by imprisonment in the state prison' implies, of course, an imprisonment expressly authorized by law, either by directly providing for imprisonment in such prison as a punishment for the commission of a particular offense or by denominating the offense a felony and providing generally for such imprisonment of those convicted of felonies for which a specific punishment is not prescribed." The appellate court of the second district in *Union Ice Co.* v. *Rose,* 11 Cal. App. 357 [104 Pac. 1006], in a similar case having under consideration the provisions of the Cartwright law which prescribed the terms of imprisonment without specifying the place thereof, held that the offense must be deemed a misdemeanor punishable by imprisonment in the county jail.

The attorney-general has not cited any authorities contrary to the foregoing, and we understand from the oral argument that an exhaustive search does not disclose any that would support the judgment of the trial court. Though it seems an absurdity that one convicted of a crime which is punishable by imprisonment for not less than twenty-five years should be confined in a county jail rather than in the

state prison, the language of the section does not permit any other interpretation.

It is therefore ordered that the prisoner be returned to the superior court of the state of California, in and for Lake County, for resentence in harmony with the views herein expressed.

Langdon, P. J., and Sturtevant, J., concurred.