## STATE v. HENRY MASTELLER.[1]

December 1, 1950.

No. 35,274.

*Thornton & Thornton,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for the State.

KNUTSON, JUSTICE.

Defendant was convicted by his plea of guilty of the crime of issuing a check without sufficient funds in the bank, contrary to M. S. A. 622.04. Sentence was imposed committing him to the state penitentiary for an indefinite term. He appeals from the judgment sentencing him to the state penitentiary.

The only question presented by this appeal is whether a person convicted of a violation of § 622.04 may be sentenced to the state penitentiary. Section 622.04 reads:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering, or delivery that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft, or order in full upon its presentation, shall be guilty of a gross misdemeanor; and, upon conviction thereof, shall be fined not more than $1,000 or imprisoned for not more than one year or both.

"The making, drawing, uttering, or delivering of such check, draft, or order shall be prima facie evidence of intent to defraud and as against the maker or drawer of knowledge of insufficient funds in or credit with such bank or other depository; where such check, draft, or order has been protested for insufficient funds or no account, the notice of a protest thereof shall be admissible as proof against the maker or drawer of such presentation, non-payment, and protest, and shall be prima facie evidence that there was a lack of funds in or credit with such bank or other depository.

"The word 'credit,' as used herein, shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft, or order."

The crime involved is classified as a gross misdemeanor by the statute. Section 610.20, which provides the punishment for a gross misdemeanor when no other punishment is fixed by statute, reads:

"Whoever shall be convicted of a gross misdemeanor for which no punishment is prescribed by any statute in force at the time of conviction and sentence shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than $1,000."

The difficulty here is that § 622.04 provides for imprisonment as the permissible punishment prescribed for a violation thereof, but fails to state the place where the person may be imprisoned.

Under our criminal code, crimes are defined and classified as felonies, misdemeanors, and gross misdemeanors. The statutory distinction between the different classes of crime is based on the place of imprisonment and the nature of the permissible punishment. Section 610.01 reads as follows:

"A crime is an act or omission forbidden by law, and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a felony. Every crime punishable by fine not exceeding $100, or by imprisonment in a jail for not more than 90 days, is a misdemeanor. Every other crime is a gross misdemeanor."

In State v. Kelly, 218 Minn. 247, 266, 15 N. W. (2d) 554, 564, 162 A. L. R. 477, we said:

"Statutory nomenclature does not necessarily determine the grade or class of a crime. Calling an offense a misdemeanor does not make it so when the punishment prescribed makes it a gross misdemeanor or felony."

In State v. Pluth, 157 Minn. 145, 151, 195 N. W. 789, 791, we said:

"The crime charged against defendant is punishable only by a fine and imprisonment in the county jail and therefore is not a felony under our statute."

If that is true, it must follow that the opposite is likewise true and that if confinement may be in the state penitentiary the crime is a felony no matter what the statutory nomenclature may designate it to be.

There are many reasons why we should not judicially raise the grade of an offense designated by the legislature as a gross misdemeanor to that of a felony. Historically, felonies have always been considered more aggravated crimes than misdemeanors. Consequences following conviction of a felony are of a much more serious nature than those following conviction of a misdemeanor or a gross misdemeanor. Under Minn. Const. art. 7, § 2, conviction of a felony deprives a person of the right to vote, and under art. 7, § 7, of the right to hold office. Conviction of a felony subjects the person so convicted to the provisions of our habitual crime act (M. S. A. 610.28 and 610.29). Such person may be given an indeterminate sentence under § 637.01 and is subject to the supervision of the parole board under § 637.02. There may be other consequences, but suffice to say that the whole legislative scheme of punishment seems to be that those convicted of a felony shall be treated in a manner more severe than those convicted of a misdemeanor or a gross misdemeanor. It is also significant to note that the statute dealing with our state prison and reformatories (§ 640.35) expressly provides that any male person "convicted of a felony" may be sentenced to such institutions. Our present statute dealing with commitment to the state reformatory for women (§ 640.49) contains the same provision.[2]

---

[2]The original act providing for a state reformatory for women (L. 1915, c. 324, § 1) contained this provision:

"There is hereby created and established a separate institution for the care, training and education of women, to be known as the State

The same question as the one involved here arose in Brooks v. People, 14 Colo. 413, 415, 24 P. 553. The Colorado court there said:

"* * * It will be noticed that the statute upon which this prosecution is based is silent in reference to the place of confinement; and, unless some other act can be found making the offense a felony, it is clear that a conviction will only authorize a confinement in that institution considered the less penal, to wit, the county jail. This is in accordance with a fundamental rule governing the construction of criminal statutes, which requires that, in case the statute admits equally of two constructions, that which is the more favorable to the defendant is to be preferred; and when the statute is silent as to the place of imprisonment, there being county jails for persons convicted of misdemeanors, and a penitentiary for those guilty of higher crimes, the former, rendering the punishment less severe, must be selected."

See, also, Horner v. State, 1 Or. 268.

In State v. Norwood, 93 N. C. 578, 579, the court said:

"Generally, when the statute prescribes the punishment of imprisonment, as in the section above cited, it implies imprisonment

Reformatory for Women. Any woman over the age of eighteen (18) years convicted by any court or magistrate of petty larceny, of vagrancy, habitual drunkenness, of being a common prostitute or frequenting disorderly houses or houses of prostitution, or any woman over the age of eighteen (18) years convicted of a felony, may be sentenced and committed to the State Reformatory for Women, which sentence shall be without limit as to time. The commitment and accompanying papers shall be the same as upon a sentence to the state reformatory for males. Such imprisonment shall not exceed the maximum term and may be terminated by the board of parole at any time after the expiration of the minimum term provided by law for the crime."

By L. 1921, c. 29, § 1, this provision was amended so as to provide that "Any woman over the age of eighteen years convicted of a felony *or gross misdemeanor*" may be committed to the institution. By L. 1937, c. 75, commitment for a gross misdemeanor was dropped from the statute, and commitment was thereafter limited to convictions for a felony. The statute has so remained and now so provides.

in the common jail of the county, and not elsewhere. Such was the general meaning of the term 'imprisonment' at the common law, and such it has always been in this State."

In Ex parte Cain, 20 Okl. 125, 132, 93 P. 974, 976, the court said:

"* * * The word 'imprisonment' means imprisonment in the county jail or local prison unless expressed to be in the penitentiary."

See, also, In re Schiaffino, 70 Cal. App. 65, 232 P. 719; State v. Toy, 65 Mont. 230, 211 P. 303; Commonwealth v. Bausewine, 156 Pa. Super. 535, 40 A. (2d) 919; 24 C. J. S., Criminal Law, § 2000.

We conclude the law to be that where the statute involved defines the crime as a gross misdemeanor and prescribes imprisonment as punishment for a conviction thereof, but does not fix the place of imprisonment, such imprisonment must be in the county jail rather than in the state penitentiary or the reformatory.

Reversed and remanded to the district court with instructions to impose a proper and lawful sentence.