STATE v. ROBERT T. MORALES.

176 N. W. (2d) 104.

March 13, 1970—No. 42111.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Keith M. Stidd,* City Attorney, *David Kuebelbeck,* Assistant City Attorney, and *James E. Sutherland,* Senior Student, for appellant.

*C. Paul Jones,* State Public Defender, *Richard W. Swanson,* Assistant State Public Defender, and *Andris A. Baltins,* Senior Student, for respondent.

Heard before Knutson, C. J., and Sheran, Peterson, Frank T. Gallagher, and Theodore B. Knudson, JJ.

PER CURIAM.

Appeal by the state pursuant to Minn. St. 632.11 from an order of the Municipal Court of Hennepin County dismissing a complaint charging criminal damage to property upon the ground that defendant was illegally arrested.

From the very meager record it appears that on July 9, 1969, defendant and another were arrested without a warrant by Minneapolis police officers. The next day, defendant was charged by complaint with the statutory misdemeanor offense of criminal damage to property, specifically a telephone booth and its equipment, in violation of Minn. St. 609.595, subd. 2.[1] The complaint was signed under oath before a magis-

---

[1] Minn. St. 609.595 provides: "Subdivision 1. [Aggravated criminal damage to property.] Whoever intentionally causes damage to physical property of another without the latter's consent may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both, if:

"(1) The damage to the property caused a reasonably foreseeable risk of bodily harm; or

"(2) The property damaged belongs to a public utility or a common carrier and the damage impairs the service to the public rendered by them; or

"(3) The damage reduces the value of the property by more than

trate by an employee of Northwestern Bell Telephone Company. Complainant alleged that the telephone company owned the booth; that he was "advised" by a detective of the burglary division of the police department of the vandalism; that from the "arrest report" he was "informed" that "2 witnesses had observed 2 males * * * throw a brick through the phone booth window, enter the booth and rip the handset cord from the telephone after damaging the brick masonry surrounding the booth"; that the damage to the booth, cord, handset, and two telephone directories totaled $58.40; and that the two witnesses notified the police and "positively identified" defendant and another as the persons who had damaged the booth and equipment. Affidavits of the prosecutor and defense counsel indicate that the arrest occurred when defendant and his companion were walking in the park near the location of the telephone booth and, by inference, shortly after the commission of the offense. Upon arraignment on July 11, defendant by special appearance challenged the municipal court's jurisdiction over him by a written motion to dismiss the charge upon the ground, among others, that his arrest without a warrant was illegal. The court granted the motion and ordered dismissal without prejudice and without specifying or explaining the reasons therefor.

The state concedes, as it must, that a police officer may not arrest a person for a misdemeanor offense without a warrant unless committed or attempted in the presence of the officer. Minn. St. 629.34(1); City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638, 76 A. L. R. (2d) 1423. The state contends, however, that despite the facts the offense was not committed in the arresting officers' presence and that a misdemeanor was charged, the warrantless arrest was authorized by statute and was constitutionally valid because a felony, as well as the misdemeanor charged, had in fact been committed, and the officers had probable cause for believing that defendant had committed it. The state argues, as before the municipal court, that § 609.595, subd. 1(2), makes aggravated criminal damage to the property of a "public utility" a felony, and that the verified complaint and affidavits of the prosecutor and defense counsel submitted to the trial court compelled a judicial determination that as a matter of law the felony had in fact been committed and a finding that the arresting officers had probable cause to believe

---

$100 measured by the cost of repair or replacement, whichever is less.

"Subd. 2. [Criminal damage to property.] Whoever intentionally so causes such damage under any other circumstances may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $100."

that defendant and another had committed it, thus requiring a reversal of the order of dismissal.

We unhesitatingly disagree. The proof relied upon by the state falls far short of that necessary to compel the municipal court to find that the officers had probable cause to believe that defendant and his companion damaged the telephone booth. The most that can be said for the state's efforts to justify depriving defendant of his liberty is that the proof submitted provided a minimal factual basis which could have persuaded the municipal court to find by inference that there was probable cause to arrest and to arguably permit a reviewing court to uphold that finding as complying with statutory[2] as well as constitutional requirements.

Assuming, without deciding, that a felony had in fact been committed,[3] when a warrantless arrest for a felony claimed to have been made on probable cause is challenged, it is obligatory upon the state not only to fully and fairly disclose all the facts and surrounding circumstances of the arrest, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, but also to sustain the burden of proving compliance with Fourth Amendment rights. State v. Mastrian, 285 Minn. 51, 171 N. W. (2d) 695; Beck v. Ohio, 379 U. S. 89, 85 S. Ct. 223, 13 L. ed. (2d) 142; Recznik v. City of Lorain, 393 U. S. 166, 89 S. Ct. 342, 21 L. ed. (2d) 317.

To meet this obligation and the burden of proof in this case, the state essentially submitted only the verified complaint of an employee of the owner of the property, who eschewed any personal knowledge of either the damage to the property or the facts and circumstances surrounding the arrest. The arresting officers were neither called to testify nor, at very least—as permitted by the rules of the municipal court—,[4] were their affidavits or those of the eyewitnesses detailing the facts of the arrest procured. If such had been done, it would have been of inestimable aid to the municipal court in passing upon an issue which not only

---

[2] Minn. St. 629.34 provides: "A peace officer may, without warrant, arrest a person:

\* \* \* \* \*

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it \* \* \*."

[3] This issue we view as a question of law without regard to whether the arresting officers had knowledge of the statute and believed it to have been violated.

[4] Rule 37, subd. 1, Special Rules of Procedure, Hennepin County Municipal Court (27B M. S. A. p. 372).

assailed the legality of police conduct but required the court to determine whether or not there was an infringement of one of our most fundamental constitutional guaranties. Surely, where officers make an arrest at or near the scene of the commission of a serious offense upon an eyewitness account of its commission and identification of the offender, the proof available ought to be sufficient, if properly presented, to sustain a finding of probable cause. People v. Gardner, 252 Cal. App. (2d) 320, 60 Cal. Rptr. 321. Although the inadequate record requires us to speculate, it seems apparent that the decision of the municipal court was simply based upon the state's failure to disclose facts within the personal knowledge of the officers and the eyewitnesses which would most likely have been more than adequate to prove probable cause. As was likely anticipated by the trial judge in ordering dismissal without prejudice, the proper course following defendant's release would have been to secure a valid warrant for defendant's rearrest for the misdemeanor offense rather than a felony, which presumably the prosecutor in the proper exercise of his discretion concluded was the charge warranted by the circumstances.

Affirmed.