## STATE v. HENRY LAWRENCE MILLER.

185 N. W. (2d) 872.

March 26, 1971—No. 42427.

*Farrish, Zimmerman, Johnson & Manahan* and *James H. Manahan,* for appellant.

*Warren Spannaus,* Attorney General, and *James M. Kelley,* Assistant Attorney General, for respondent.

NELSON, JUSTICE.

This matter is before this court pursuant to a certificate by the District Court of Blue Earth County that a question of law is so important or doubtful within the meaning of Minn. St. 632.10 as to require the decision of this court.

Defendant, Henry Lawrence Miller, was arrested in Mankato

on December 3, 1968, and charged with possession of a stimulant or depressant drug (d-lysergic acid diethylamide, or LSD), a gross misdemeanor in violation of Minn. St. 152.09 and 152.15.

On December 4, 1968, defendant appeared specially in Mankato municipal court and moved for dismissal on the ground that the arrest was illegal and void because no arrest warrant had been issued and therefore the municipal court lacked jurisdiction of the defendant's person. The motion for dismissal was denied on April 16, 1969.

On June 25, 1969, defendant was tried before the municipal court without a jury and was convicted of the gross misdemeanor of possession of a stimulant or depressant drug. Defendant appealed this conviction to the District Court of Blue Earth County on June 30, 1969. On November 20, 1969, defendant appeared specially in district court, challenged the jurisdiction of that court by reason of the alleged illegal arrest, and sought dismissal of the charges. The district court, the Honorable Milton D. Mason presiding, denied defendant's motion to dismiss on December 16, 1969.

Defendant then filed a petition for writ of prohibition in the supreme court on December 23, 1969, seeking to prevent his trial de novo in district court. The petition was denied in early January 1970. On January 16, 1970, defendant, again appearing specially, requested that the court certify the following question to this court as important or doubtful within the meaning of § 632.10:

"Is an arrest for a gross misdemeanor made in the presence of the arresting officer within the meaning of M. S. 629.34(1) and the Minnesota Constitution, when probable cause to make the arrest is based upon information supplied by a reliable informer, so as to make the arrest valid without a warrant?"

Judge Mason was of the opinion the arrest was valid but certified the question to this court on January 26, 1970.

It appears that on December 3, 1968, Police Officer Thomas

A. Simonson of the Mankato Police Department, while on duty, received a telephone call from Chief of Police Robert Sletten of the Northfield Police Department. Chief Sletten told Officer Simonson that a reliable informant had advised him that defendant and two other individuals, traveling in a dark blue Corvair automobile, had departed Northfield for Mankato at approximately 2:07 p. m., that defendant had in his possession "a large quantity of LSD," and that the three were traveling to the apartment of a person named Blyth, who lived in the Town and Campus apartment complex in Mankato.

Acting upon this information, Mankato police officers, under the command of Captain Charles D. Alexander, proceeded to a parking lot located on Highway No. 14, a route which connects Mankato and Northfield, in order to intercept the vehicle. At about 3:15 p. m. an automobile and occupants matching the description given to the Mankato police by Chief Sletten passed the intercepting officers, traveling west on Highway No. 14, heading into Mankato. The vehicle was halted within the eastern limits of Mankato, and the occupants were removed and arrested.

At the police station Captain Alexander searched the outer coat of defendant and discovered and seized a white box which contained two plastic bags. One bag held 115 bluish-white tablets and the other 20 more tablets and a plastic vial which contained 2 gray and orange tablets and 5 small bluish tablets.

At the trial a laboratory analyst from the State Bureau of Criminal Apprehension testified that his tests indicated that 5 of the tablets he examined from the plastic bag holding the 115 bluish-white tablets contained lysergic acid diethylamide. Over motions to suppress and over further objections to their particular admissibility, these items were received into evidence. Subsequently, defendant was convicted of possession of a stimulant or depressant drug.

In resolving the question certified the following sub-issues must be considered: (1) Is a gross misdemeanor to be treated as a felony under the provisions of § 629.34? (2) If a gross mis-

demeanor is to be treated as a misdemeanor under § 629.34, was a public offense committed in a police officer's presence under the facts of this case? (3) Even though defendant was charged with a gross misdemeanor, was there probable cause for a felony charge, therefore justifying an arrest without a warrant?

■ Offenses under Minnesota law are grouped into three categories: (1) Felonies; (2) gross misdemeanors; and (3) misdemeanors. Minn. St. 609.02, subds. 2, 3, and 4. A gross misdemeanor is defined by § 609.02, subd. 4, as "any crime which is not a felony or a misdemeanor." Defendant argues that an arrest for a gross misdemeanor must be effected with a warrant unless, pursuant to § 629.34(1), the gross misdemeanor is committed or attempted in the police officer's presence. Defendant's contention is that possession of LSD while riding in a car is not a crime which is committed or attempted in a police officer's presence so as to allow the officer to make an arrest without obtaining an arrest warrant.

Minn. St. 629.34 provides in part as follows:

"A peace officer may, without warrant, arrest a person:

"(1) For a public offense committed or attempted in his presence;

"(2) When the person arrested has committed a felony, although not in his presence;

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it; or

"(4) Upon a charge made upon reasonable cause of the commission of a felony by the person arrested."

In short, the statute provides that an arrest can be made without a warrant only if the offense is committed or attempted in the officer's presence, or if a felony is involved.

The state argues that misdemeanors, because of their pettiness, should require strict application of § 629.34(1). Gross misdemeanors, it contends, are not petty offenses but more serious

in nature, so a warrantless arrest for a gross misdemeanor under the facts of this case should be held valid. The state justifies its argument by saying that serious consequences may arise to both actor and victim which necessitate a more relaxed, though constitutionally bounded, set of rules governing the warrantless arrest of gross misdemeanants.

It seems apparent under our decisions that gross misdemeanors, although statutorily created, are a class of misdemeanor, and that gross misdemeanors are not to be accorded the serious degree of criminality that is ascribed to felonies.[1]

█ Therefore, since we hold that a gross misdemeanor is classified as a misdemeanor for the purposes of § 629.34(1), the next question which arises is whether a public offense was committed or attempted in a police officer's presence under the facts of this case. In State v. Pluth, 157 Minn. 145, 151, 195 N. W. 789, 791, we said:

"* * * It cannot be said that a criminal offense is committed in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed through his sense of sight or through other senses. Although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it. And, where the officer could not observe nor become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant."

In Smith v. Hubbard, 253 Minn. 215, 221, 91 N. W. (2d) 756, 762, this court amplified the rule in Pluth by stating:

"Clearly two elements must appear before an offense is committed in the presence of an officer: (1) He must become aware

---

[1] See comments on the term "gross misdemeanor" in State v. Kelly, 218 Minn. 247, 15 N. W. (2d) 554, and State v. Masteller, 232 Minn. 196, 45 N. W. (2d) 109.

of the acts as a result of his sensory perception, and (2) he must infer that the acts constitute an offense."

The state argues that the sense of hearing provided the Mankato police with an awareness of the acts of defendant, from which they might infer an offense. It contends the fact that Officer Simonson was told over the telephone by a reliable informant, via the chief of police of Northfield, that a known person, traveling in a described automobile on an indicated route, had LSD in his possession gave Officer Simonson awareness of the criminal act as a result of his sensory (hearing) perception and that because of this sensory perception he had grounds to make a warrantless arrest under § 629.34(1). We do not agree. Hearsay information, however reliable, is not a substitute for the direct at-the-scene perception of the person making the arrest.

The state argues also that the information given the Mankato police concerning defendant's possession of LSD and his intended destination in Mankato, Blyth's apartment, furnished probable cause for a warrantless arrest because the police could reasonably believe from these facts that defendant was in the process of committing a felony under Federal law, possession of a depressant or stimulant drug for sale, delivery, or other disposal to another in violation of 21 USCA, § 360a (c), in effect at the time of defendant's arrest. The Federal statute, however, cannot be substituted for Minn. St. 152.09 and 152.15 and has no bearing on the disposition of the question certified to this court for determination.

Viewing the record as a whole we can only reach the conclusion that the arresting officers, even though possessed of the information imparted to them by Chief Sletten of Northfield, could nevertheless not make a legally valid, warrantless arrest of defendant. This court has held that an arrest made without a warrant, if challenged by the defendant, is presumptively invalid and the burden is upon the state to justify it as not only authorized by § 629.34, but also as not violative of the guaranties

of the Fourth Amendment against any invasion of privacy except upon a showing of probable cause. State v. Mastrian, 285 Minn. 51, 171 N. W. (2d) 695, certiorari denied, 397 U. S. 1049, 90 S. Ct. 1381, 25 L. ed. (2d) 662. See, also, State v. Kelly, 218 Minn. 247, 15 N. W. (2d) 554. Since § 629.34 does not permit arrest for a gross misdemeanor not committed or attempted in the presence of a peace officer, it was incumbent upon the state to show that the offense was either committed or attempted in the presence of a peace officer. It did not do so, and the arrest must be held illegal. If either possession or sale of the items found in the possession of defendant, among them LSD, is to constitute felonious conduct, then the legislature must amend the present statutes on the subject of prohibited drugs.

The certified question submitted is hereby answered in the negative and the case remanded for disposition in the court below.

ROGOSHESKE, JUSTICE (concurring specially).

Although I agree with the conclusion reached, I feel compelled to state the reasons, as I see them, for what is decided.

Our statute, Minn. St. 629.34, merely adopts the traditional "in his presence," or within-his-view, requirement for nonfelony arrests without a warrant.

While there can be no doubt under the facts and circumstances of this case that the arresting officers had reasonable cause to believe that a public offense was being committed by one or all of the occupants of the automobile, it was impossible for the officers to view its commission through their sense of sight until after the arrest and therefore the offense was not committed in the presence of the arresting officers within the contemplation of our statute. State v. Pluth, 157 Minn. 145, 195 N. W. 789.

Had the possession of LSD been a felony under our statutes, the requirements of both § 629.34 and the Fourth Amendment guaranties against unreasonable searches and seizures would have been met, even though defendant was not subsequently

40

charged with a felony. State v. Morales, 286 Minn. 539, 176 N. W. (2d) 104.

However desirable it may be to permit warrantless arrests upon reasonable cause in misdemeanant drug cases because of the risk that the person believed to be in possession of drugs will escape apprehension or because of injury to himself or others (see, e. g., A. L. I. Model Code of Pre-Arraignment Procedure [Tentative Draft No. 2, April 15, 1969] § 3.01 and Commentary on art. 3) or because of the lack of time or availability of a magistrate to secure a warrant, our statute simply does not authorize a warrantless arrest for a nonfelony offense under such circumstances. The problem of "modernizing" our statute with respect to arrests without a warrant for petty offenses without imposing undue restraints upon individual liberties is not, I suggest, of easy solution.