Wendy Jane WARRICK,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C1-85-883.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Harry E. Burns, II, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER, and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

Respondent Wendy Warrick petitioned the trial court for rescission of the proposed revocation of her driving privileges, and the rescission was ordered. The Commissioner of Public Safety appeals the rescission. We affirm.

## FACTS

Officer David Leigh was on routine patrol on Highway 75, at approximately 1:45 A.M. on December 30, 1984, when he first noticed the pick-up truck which respondent was driving. He observed it weaving within its lane in a manner he described as "subtle" and involving inches; it did not cross over either the fog line or the center line. The speed varied from 40 to under 50 m.p.h., although it was generally within the

40 to 45 m.p.h. range. Neither the speed nor the weaving amounted to a violation of law. The weather was cold and windy, and the visibility was impaired.

After following respondent's vehicle for approximately five miles, Leigh decided to stop the driver. Respondent was arrested for driving while intoxicated, and her license was subsequently revoked. She brought a petition for judicial review, and a hearing was held. The trial court found that the officer had insufficient articulable grounds to make the initial stop and that the Commissioner failed to prove by a preponderance of the evidence that the officer had reasonable and probable cause to believe respondent was driving the motor vehicle while under the influence of alcohol, and rescinded the revocation of respondent's driving privileges. We affirm.

### ISSUES

1. On the undisputed evidence in the record, did the officer have articulable suspicions which warranted a brief investigatory stop?

2. On the undisputed evidence in the record, did the officer have probable cause to believe that respondent had been driving while under the influence of alcohol?

### ANALYSIS

1. The facts in this case are not in dispute. Instead, appellant Commissioner challenges the trial court's determinations of law. If the trial court has erroneously applied the law, we will overturn its decision. *Noren v. Commissioner of Public Safety*, 363 N.W.2d 315, 317 (Minn.Ct.App. 1985).

Under the fourth amendment to the United States Constitution, a police officer may not stop a motor vehicle without a reasonable basis. A brief investigatory stop requires only reasonable suspicion of criminal activity rather than probable cause. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The suspicion must be "specific and articulable" before such a stop is justified. *Marben v. State,*

*Dept. of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980). However, actual violation of the traffic laws is not required. *Id.*

Applying those principles to the facts, it is apparent that the officer did not have sufficient articulable facts to make the brief investigatory stop. In view of the wind and the impaired visibility, the "subtle" weaving of the driver and the speed changes, principally between 40 and 45 m.p.h., do not reasonably warrant the intrusion of a brief investigatory stop. *See State v. Johnson*, 257 N.W.2d 308, 309 (Minn.1977). The trial court properly rescinded the revocation of respondent's driving privileges, where the stop of the vehicle which she was driving was illegal.

2. Appellant challenges the trial court's determination that there was an insufficient showing that the officer had reasonable and probable grounds to believe that respondent was driving a motor vehicle while under the influence of alcohol. Because our ruling on the first issue is dispositive, we need not address this issue.

### DECISION

The trial court did not err in finding, upon the basis of undisputed facts, that there were insufficient facts to support a brief investigatory stop.

Affirmed.