**STATE of Minnesota, Respondent,**

v.

**Patrick Duane HILER, Appellant.**

**No. C8–85–556.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Minn., James T. Reuter, Asst. County Atty., Chisago County Government Center, Center City, Minn., for respondent.

Richard A. Bowen, St. Paul, Minn., for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Contraband found in appellant's vehicle was seized, and he was arrested for theft. The trial court rejected appellant's claim that his arrest was improper and that evidence against him should be suppressed. He appeals his subsequent conviction. We affirm.

## FACTS

During the night of May 13, 1984, Ronald Gruening, a Rush City police officer, was on routine patrol. He was flagged down by an individual who informed him that there was a possible theft occurring at Ron's Sinclair, a nearby filling station. The informant told Officer Gruening that he had observed three occupants of a light green Chevrolet pickup loading tires into the pickup at the filling station. The informant said that after the tires were loaded, the pickup headed south out of town on County Road 30. According to the informant, the pickup bore Minnesota license plate number NJX 802.

Officer Gruening informed the Chisago County sheriff's department of the tip and took off after the pickup on County Road 30. In the town of Harris, Officer Gruening observed a pickup matching the informant's description and carrying automotive parts in the back. The officer therefore stopped the vehicle, which appellant was driving.

Officer Gruening began to question the appellant, and appellant told Gruening he had just left Ron's Sinclair, having stopped there to check his taillights. The officer then searched appellant's pickup. He observed wheel rims in the back of the pickup and found two additional license plates.

After that, the officer took appellant into custody, questioned him, and asked him to drive back to Rush City. Appellant was charged with misdemeanor theft and found guilty by the trial court, based upon stipulated facts.

## ISSUES

Did the officer improperly seize contraband found in appellant's possession?

## ANALYSIS

We note first that the state has failed to file a brief for this case. Therefore, we proceed upon the record of stipulated facts and determine the case on the merits. *See* Minn.R.Civ.App. P. 142.03.

■ A police officer may, upon facts constituting less than probable cause, make an investigatory stop and inquiry of a person he suspects is committing a crime. *See Terry v. Ohio*, 392 U.S. 1, 20–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968); *United States v. Martin*, 706 F.2d 263, 265 (8th Cir.1983). The officer in this case had received information about a possible theft, and the information included a description of the alleged thieves' vehicle. The officer acted on the information and stopped appellant's vehicle, which matched the informant's description, to investigate. Since the information the officer had provided him with reasonable suspicion, we conclude that the officer's investigatory stop of appellant's vehicle was proper.

Appellant argues that his arrest was improper and that evidence seized should therefore be suppressed. A Minnesota law enforcement officer may make a warrantless arrest for most misdemeanors only if the misdemeanor occurs in his presence. Minn.Stat. § 629.34, subd. 1(1) (1984); *State v. Miller*, 290 Minn. 33, 36, 185 N.W.2d 872, 874 (1971). In *Miller*, the defendant was arrested for possession of LSD, which was a gross misdemeanor. The arresting officer had been told by another officer that the defendant had the drugs; the arresting officer did not see the drugs until after the arrest. The Min-

nesota Supreme Court held the arrest to be improper because there was no offense committed in the officer's presence. *Id.* at 38–39, 185 N.W.2d at 875–76. Appellant's contentions pose the question of whether *Miller* should be extended to include cases in which the arresting officer cannot be certain whether a felony or a misdemeanor was committed and the contraband to be seized is in plain view rather than hidden from the officer. Because we decide the case on other grounds, we do not further address that question.

Searches and seizures made without benefit of a search warrant are per se unreasonable and contrary to the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564 (1971). If the search and seizure was conducted without a warrant and no exceptions apply, the evidence will not be used against the defendant. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961).

One among a number of exceptions to the warrantless search rule is critical here. Where probable cause exists and there are exigent circumstances, the officer may properly execute a warrantless search and seizure. That rule commonly takes the form of the automobile exception to the warrantless search rule. *See Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Where vehicles are involved in a police investigation, the police may conduct a warrantless search of the vehicle if there is probable cause to believe the vehicle contains evidence of a crime and if the police face the exigency that the vehicle may disappear by the time a warrant is obtained. *See Chambers v. Maroney*, 399 U.S. 42, 50–51, 90 S.Ct. 1975, 1980–81, 26 L.Ed.2d 419 (1970).

■ The police officer in this case had received an informant's tip that the occupants of a light green Chevrolet had just committed a theft at a filling station and that the thieves had left town on a particular highway. The officer pursued the tip and headed out of town on the designated highway. He soon intercepted a vehicle

like the one described by the informant; he followed the vehicle for a short distance and then caused it to pull over. He observed automotive parts in the back of the pickup and then arrested the defendant. From the totality of the circumstances, the officer properly had probable cause to search for the contraband. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (probable cause exists if, based upon the totality of the circumstances, a person of reasonable caution could believe that seizable objects are located in the place to be searched). Furthermore, exigent circumstances existed in this case. It was not practicable for the officer to obtain a search warrant before searching the pickup. The officer knew that by the time he obtained a warrant, the pickup would be long gone. By their very mobile nature, automobiles pose exigent circumstances. As the Supreme Court in *Carroll* stated, a "vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought," thus presenting inherently exigent circumstances. *Carroll*, 267 U.S. at 153, 45 S.Ct. at 285.

Because the arresting officer had probable cause, and because exigent circumstances existed, the officer properly executed a warrantless search and seizure.

Appellant asserts that we must examine the propriety of his arrest. He claims that if the arrest was unlawful, then any evidence seized must be suppressed. That is true, however, only in cases where evidence was seized pursuant to a search incident to an arrest. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We have found no authority to support appellant's claim that an improper arrest of a person will result a fortiori in the suppression of any evidence seized under otherwise lawful circumstances. Therefore, we need not decide whether the arrest was proper.

## DECISION

The arresting officer made a proper investigatory stop of appellant's vehicle. The officer also properly seized contraband found in the vehicle because he had probable cause to believe the contraband would be there and exigent circumstances existed.

Affirmed.