JoDell B. ENGWER,
petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CX–85–1739.

Court of Appeals of Minnesota.

March 18, 1986.

Robert M. Gleason, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant JoDell Engwer's driving privileges were revoked pursuant to the implied consent law. After a hearing on her petition for judicial review, the trial court sustained the revocation. This appeal followed. We affirm.

## FACTS

Officer Joel Heckman, a Circle Pines police officer, was on routine patrol at approximately 2:35 a.m. He observed a vehicle moving at a slow speed, continuously braking and jerking and stopping; he saw the tail lights go on and off three or four times. He watched the car as it turned left, and on the straightaway it continuously braked. The car approached several intersections with its turn signal on, but did not turn. The officer followed the vehicle and continued to observe this erratic driving for approximately two miles when the car turned into the parking lot of a McDonald's that was closed at the time. Heckman then stopped the vehicle.

In response to Heckman's question, appellant said she had been drinking. He noticed indicia of intoxication. Appellant was asked to take a preliminary breath test, which she failed. Heckman placed her under arrest for driving while under the influence. After being read the implied consent advisory, she agreed to take the breath test. Her blood alcohol concentration was .15.

## ISSUE

Did the trial court err in determining that the officer articulated sufficient reasons for making a stop of appellant's vehicle?

## ANALYSIS

Appellant challenges the revocation, contending that the police officer did not have specific and articulate facts that warranted an investigatory stop of her vehicle. The facts are apparently undisputed; this review requires a determination of whether the officer's observations "provided an adequate basis for the stop." *Berge v. Commissioner of Public Safety,* 374 N.W.2d 730, 732 (Minn.1985); *Warrick v. Commissioner of Public Safety,* 374 N.W.2d 585, 586 (Minn.Ct.App.1985).

In accord with the fourth amendment, a police officer may make an investigatory stop if it is "justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981) (citations and footnote omitted). In determining whether the officer had sufficient cause to make the stop, the totality of the circumstances must be considered. *Id.; State v. Kvam,* 336 N.W.2d 525, 528 (Minn.1983). The trained officer may draw inferences and make deductions from various objective observations that might elude an untrained person. *Cortez,* 449 U.S. at 418, 101 S.Ct. at 695; *O'Neill v. Commissioner of Public Safety,* 361 N.W.2d 471, 473 (Minn.Ct.App.1985). In addition, the officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez,* 449 U.S. at 417–18, 101 S.Ct. at 694–95 (citations omitted).

For a traffic stop, the Minnesota Supreme Court has quoted with approval the standard set forth in *People v. Ingle,* 36 N.Y.2d 413, 420, 369 N.Y.S.2d 67, 74, 330 N.E.2d 39, 44 (1975) (quoted in *Marben v. State, Dept. of Public Safety,* 294 N.W.2d 697, 699 (Minn.1980)).

It should be emphasized that the factual basis required to support a stop for a "routine traffic check" is minimal. An actual violation of the Vehicle and Traffic Law need not be detectable. For example, an automobile in a general state of dilapidation might properly arouse suspicion of equipment violations. All that is required is that the stop be

not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." [*Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)].

 There is no merit to appellant's argument that the officer did not observe any violations of law, but only certain secondary facts which aroused his curiosity. The officer need not observe an actual violation of law in order to make a legitimate stop. *Marben*, 294 N.W.2d at 699; *Warrick*, 374 N.W.2d at 586. The Minnesota Supreme Court has upheld stops in several cases in which no violation was observed, although there were other facts giving rise to a suspicion of wrongdoing. In *State v. Barber*, 308 Minn. 204, 241 N.W.2d 476 (1976), an observation that a car's license plate was wired on rather than bolted on provided sufficient justification for the officer to stop the vehicle and investigate. In *State v. Engholm*, 290 N.W.2d 780 (Minn.1980), the court found a stop lawful, despite the fact that no actual traffic laws were broken, where the defendant's car was proceeding at an exceptionally slow rate of speed, weaving in its lane, and where the bars had closed shortly before the officer first observed defendant's car.

Here, the officer observed appellant for approximately two miles continuously braking, moving at a slow speed, turning on the turn signal at least three times when no turn was made, and, finally, turning into a parking lot of a closed McDonald's restaurant at approximately 2:35 a.m.

The driving behavior here is more erratic than in *Doheny v. Commissioner of Public Safety*, 368 N.W.2d 1 (Minn.Ct.App.1985), and the officer stopped respondent for reasons other than to see if she was lost. The trial court properly concluded that Heckman articulated facts which, taken together with rational inferences, reasonably warranted an investigatory stop.

 Appellant argues that the theory that a police officer may make inferences and deductions not readily apparent to an untrained person does not apply to Officer Heckman because, at the time of the stop, he had been an officer for only two months. However, Heckman's training as a police officer provided him with experience not available to an ordinary citizen.

 The threshold required to stop a vehicle in order to investigate possible wrongdoing is very low. *State v. Claussen*, 353 N.W.2d 688, 690 (Minn.Ct.App. 1984). In this case, the officer had specific and articulable reasons which warranted the brief investigatory stop of appellant's vehicle.

### DECISION

The trial court did not err when it found that the police officer made a constitutionally valid stop of appellant's vehicle.

Affirmed.