## STATE v. JOHN E. DAX.

### 188 N. W. (2d) 422.

### June 18, 1971—No. 42740.

---

*Schiefelbein & Greenberg* and *Alan G. Greenberg,* for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Stidd,* City Attorney, and *James H. Peterson,* Assistant City Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rolloff, JJ.

PER CURIAM.

Defendant was convicted by a Hennepin County Municipal Court jury of driving while under the influence of an alcoholic beverage in violation of Minneapolis Code of Ordinances, § 403.030. On this appeal, he contends that the offense charged was not committed in the presence of the arresting officer and therefore, under Minn. St. 629.34(1), his arrest without a warrant was illegal, nullifying the court's jurisdiction and his conviction. We hold that the offense was committed in the presence of the officers and affirm the conviction.

Since the offense involved is a misdemeanor, an arrest without a warrant may not lawfully be made unless the acts constituting the offense are committed or attempted in the presence of the arresting officer. § 629.34(1).[1] The standards to be used in determining whether the offense was committed in the presence of an officer are set forth in State v. Pluth, 157 Minn. 145, 195 N. W. 789. While the circumstances of each case are usually determinative, all that is required by the statute in this case is that the officer (1) become aware, as a result of his sensory perception, of the act of driving and of defendant's intoxication; and (2) have a reasonable basis to infer that defendant was in fact driving the vehicle while he was under the influence. Smith v. Hubbard, 253 Minn. 215, 91 N. W. (2d) 756; State v. Fish, 280 Minn. 163, 159 N. W. (2d) 786; State v. Valstad, 282 Minn. 301, 165 N. W. (2d) 19.

The evidence presented at the pretrial hearing upon defendant's motion to suppress the testimony of the arresting officers amply supports the trial judge's determination that defendant was lawfully arrested. The evidence fairly establishes that defendant was arrested shortly after 11 p. m. July 26, 1969, by officers who had followed in a squad car the automobile he was driving upon the street and an alley in the city, had observed his driving, and had perceived that he was intoxicated immediately after he stopped his automobile in the back-

---

[1] Minn. St. 629.34 provides in part: "A peace officer may, without warrant, arrest a person:

"(1) For a public offense committed or attempted in his presence."

yard of his residence. The testimony was that the officers' attention was directed to defendant's driving by the complaint of persons in a vehicle following defendant, who "were honking their horn and hollering at [the officers] that the man in the car had almost hit them." The officers then observed defendant making an improper "wide" left turn in an intersection and, while following defendant's vehicle with red lights flashing, further observed defendant drive "at a slow speed" for some distance and make another wide right turn into an alley, where he stopped. Further, the undisputed evidence established that the officers observed defendant's physical condition, heard his "slurred speech," detected the odor of alcohol, and arrested him for the offense of driving while under the influence.[2]

Although the arrest was not made contemporaneously with stopping defendant, such circumstance is obviously inherent in the nature of this offense, for conclusive evidence of intoxication usually does not appear until after the vehicle is stopped and the driver's condition can be observed. Defendant's argument that the arrest was unlawful because the officers had no reasonable basis to stop him is not compelled by the evidence. Upon this record, it can hardly be doubted that the officers heard about and observed defendant's abnormal driving, perceived his intoxication, and had a reasonable basis to infer that he had committed the offense charged.

Affirmed.

---

[2] The sufficiency of the evidence, including the results of the blood test, to sustain the jury's conviction is not challenged.