STATE v. LAUVERNE ALBERT CORMICAN.

195 N. W. 2d 586.

March 10, 1972—No. 43101.

Joseph Terrance Noah, for appellant.

Warren Spannaus, Attorney General, Paul J. Tschida, Special Assistant Attorney General, and John M. Roue, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Defendant appeals from a judgment of conviction for operating a motor vehicle while under the influence of an alcoholic beverage. Minn. St. 169.121. We reverse.

On April 23, 1969, defendant was arrested for the misdemeanor stated above. Demand for change of venue from the justice of the peace to the Crookston municipal court was filed. Following a jurisdictional challenge in the municipal court and an evidentiary hearing thereon, defendant filed two successive petitions with the Minnesota Supreme Court seeking a writ of prohibition, but the petitions were denied. Subsequently, after arraignment before the Crookston municipal court and trial by that court without a jury, defendant was found guilty as charged and was sentenced to pay a fine of $100 or to serve a term of 90 days in the county jail.

Defendant appealed to the district court for a trial de novo pursuant to Minn. St. 488.20 and 633.20. His challenge to the district court's jurisdiction was denied following an evidentiary hearing, and, following a Rasmussen hearing, a motion to suppress admissions made by defendant while in custody was denied. A jury found defendant guilty, and he was sentenced to 90 days in the county jail. Execution of sentence was stayed pending the prosecution of this appeal, and defendant was released on bail.

This case results from an incident that occurred on a lonely stretch of Highway No. 75 between Euclid and Crookston, Minnesota, on the

night of April 23, 1969. The Minnesota Highway Patrol responded to a call at about midnight that an inebriated man was lying in his pickup truck which was parked on the shoulder of the highway. The informants had moved the truck off the traveled portion of the road. When the highway patrol reached the scene, the officers found the truck parked on the shoulder of the road with its motor idling and its parking lights on. Upon opening the truck door to investigate, they smelled the odor of liquor and found the defendant lying on the seat with his head toward the right door and his feet on the floor. No part of defendant's body was touching the truck's operating controls. The officers aroused defendant, who gave indication of being intoxicated, and took him to Crookston where a uniform traffic ticket was filled out and defendant was placed in jail. He remained in custody until early the next morning when he was released on bail. While in custody, he made several incriminating admissions to the police which were later admitted in evidence at trial. No Miranda warning had been given.

Several assignments of error were made by defendant, the most important being that the arrest for the offense, a misdemeanor, was unlawful because made without a warrant under circumstances where the offense was not committed in the presence of the officers.

Defendant was here charged with operating a motor vehicle while under the influence of an alcoholic beverage rather than being "in actual physical control" thereof. There was no evidence indicating that the officers observed defendant "operating" the truck. The evidence was uncontroverted that defendant's truck had been moved by the informants from a position on the highway, where it may have been under the control of defendant, to the shoulder, where it was found by the arresting officers. Under those circumstances the arrest was improper. Minn. St. 629.34; State v. Miller, 290 Minn. 33, 185 N. W. 2d 872 (1971); and Smith v. Hubbard, 253 Minn. 215, 91 N. W. 2d 756 (1958). See, also, State v. Dax, 290 Minn. 546, 188 N. W. 2d 422 (1971).

Since we find that the arrest was improper, the court was without jurisdiction. Therefore, consideration of the other assignments of error is unnecessary.

The judgment of conviction is set aside and the charge is dismissed. Reversed.