**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Norman Dale THOMPSON, Defendant and Appellant.**

**No. 12784.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 28, 1980.

Decided July 23, 1980.

PER CURIAM.

Defendant was convicted of driving while under the influence of an alcoholic beverage, a misdemeanor. SDCL 32–23–1; SDCL 32–23–2. He argues that his arrest was invalid because the offense was not committed in the presence of the arresting officer. SDCL 23–22–7(1).[1] We hold that the arrest was valid and affirm the judgment of conviction.

A Murdo police officer received a call from a gas station operator reporting a possible drunk driver. The officer saw a red automobile bearing the designation "Camaro" on the back speed out of the station and verified that the automobile was driven by the reported driver. After chasing the speeding Camaro south on Highway 83, the officer radioed the sheriff of Mellette County for assistance.

The sheriff met the Camaro on Highway 83, pursued it for several miles, and stopped it. Defendant was the driver. The sheriff observed defendant's appearance, detected the odor of alcohol, and heard defendant's slurred speech. The sheriff then arrested defendant after defendant failed the standard sobriety tests the sheriff requested him to perform.

Defendant argues that his arrest was illegal inasmuch as it was based solely on the radio communication from the Murdo police officer to the sheriff, no offense having been committed in the sheriff's presence. We do not agree.

██ The sheriff did receive a radio call detailing information about a possible drunk driver in a red Camaro speeding along Highway 83. The sheriff located the automobile and followed the fleeing vehicle for three miles before stopping it. The radio communication combined with the officer's observation of the speeding car gave cause for the investigatory stop. See *State v. Burkman*, 281 N.W.2d 436 (S.D.1979); *State v. Powless*, 265 N.W.2d 143 (S.D. 1978). The conclusive evidence of defendant's intoxication appeared after the automobile stopped and the sheriff observed

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, William A. Delaney III, Alexandria, Va., on brief.

Terry L. Pechota, Mission, for defendant and appellant.

1. SDCL 23–22–7 was repealed by 1978 S.D. Sess.L. ch. 178, § 577.

defendant's condition. In addition to receiving the radio report concerning defendant's condition, the sheriff observed defendant's driving and his intoxicated condition. As a result of his sensory perceptions alone the sheriff had a basis to arrest defendant without a warrant; the offense was committed in the sheriff's presence. SDCL 23–22–7(1)[2]; *State v. Dax*, 290 Minn. 546, 188 N.W.2d 422 (1971).

██ Defendant also argues that he was improperly advised of his implied consent rights. There is no evidence to support this claim. The sheriff testified that he read the implied consent warnings to defendant from a card printed for that purpose. Although he did not have the card at the hearing, the sheriff's recitation of the rights that he advised defendant of indicates compliance with the requirements of SDCL 32–23–10.

The judgment is affirmed.

2. See note 1.