**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Petitioner, Appellant,**

v.

**Michael L. RICE, Respondent.**

No. 81–1391.

Supreme Court of Minnesota.

Aug. 20, 1982.

Warren Spannaus, Atty. Gen., Gary Hansen and James B. Early, Sp. Asst. Attys. Gen., St. Paul, for appellant.

William R. Kennedy, Hennepin County Public Defender, and Patrick J. Sullivan, Asst. Public Defender, Minneapolis, for respondent.

SIMONETT, Justice.

This is a driver's license revocation proceeding under Minn.Stat. § 169.123 (1978). The underlying issue is whether the arrest of defendant under Minn.Stat. § 169.121 (1978) was lawful. If it was, then the arresting officer was justified in giving an implied consent warning to defendant and the revocation of his license based on the results of the blood alcohol test was proper. An appeal panel of the district court reversed an order of the Hennepin County Municipal Court which had sustained the revocation. We reverse the decision of the panel and hold that the arrest was lawful and the revocation proper.

At 12:12 a. m. on October 31, (1978), a Minneapolis police officer observed an automobile parked in a normal manner on a city street but with the engine running. The officer found defendant inside, lying on the front seat, either asleep or unconscious. Defendant was awakened by the officer with some difficulty and discovered to be disoriented. Believing that defendant was under the influence of alcohol or drugs, the officer arrested defendant, telling the defendant, as the officer later testified, that he was being arrested for "operating, driving under influence." Defendant then submitted to a blood alcohol test, which tested .13%.

Defendant was then charged with "driving or operating" a motor vehicle in violation of Minn.Stat. § 169.121, subd. 1(a), (d) (1978). At the subsequent arraignment the charges were amended to include "in physical control" of the vehicle in violation of the same statute. Pursuant to agreement, the charges against defendant were continued for 1 year for dismissal at the end of that year if defendant had no similar charges during the year. On January 3, 1980, the charges were dismissed.

The revocation hearing pursuant to section 169.123 was held on March 27 and April 12, 1979, in Hennepin County Municipal Court. The municipal court sustained the revocation. On appeal to a district court panel, the panel reversed the decision of the municipal court.

The appeal panel concluded that the arrest was unlawful and, therefore, that the revocation was improper. The panel reasoned that only the act of being "in physical control" of the vehicle occurred in the officer's presence, and that therefore the arrest for "operating, driving under influence" was unlawful.[1]

We granted leave to appeal, in part because a previous appeal panel in the same district, with one judge dissenting, had upheld a municipal court order sustaining revocation in identical circumstances.

It is undisputed that the officer observed defendant "in physical control" of the vehicle. *State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316 (Minn.1981). If the officer had told defendant that he was being arrested for being "in physical control" of the car, the arrest would have had to be deemed lawful.

However, defendant was not told that he was being arrested for being "in physical control," but that he was being arrested for "operating, driving under influence." Defendant argued and the district court appeal panel agreed that since the officer did not observe defendant operate or drive the vehicle, the arrest on that ground was unlawful. The district court reasoned that this conclusion was mandated by our decision in *State v. Cormican,* 292 Minn. 505, 195 N.W.2d 586 (1972).

*Cormican* was an appeal from a conviction for "operating" a motor vehicle while

---

1. Under Minn.Stat. § 169.123, subd. 2 (1978), the prerequisites for giving the chemical test, in this case, are two: (1) "the officer has reasonable and probable grounds to believe that a person was driving or operating a motor vehicle while said person was under the influence of an alcoholic beverage," and (2) "the said person has been lawfully placed under arrest for alleged commission of said offense in viola-

tion of section 169.121." Here, the first prerequisite was admittedly met, and the issue arises with respect to the second requirement of a lawful arrest, since this brings into play the further requirement that a warrantless arrest for a misdemeanor may be made by a peace officer only for an offense committed or attempted in his presence. Minn.Stat. § 629.-34(1) (1980).

under the influence. There the highway patrol responded to a report from an informant, who said he had found an inebriated man in a pickup truck on the highway and then moved the truck off the road onto a shoulder. The officers drove to the scene and found a pickup truck parked on the shoulder with the motor running and the defendant, who was drunk, lying in the cab. The officers arrested the defendant and he was charged, prosecuted and convicted for "operating" the truck while under the influence rather than for being (as that part of the statute was then worded) "in actual physical control" of the truck. Reversing the defendant's conviction, we stated:

> Defendant was here charged with operating a motor vehicle while under the influence of an alcoholic beverage rather than being "in actual physical control" thereof. There was no evidence indicating that the officers observed defendant "operating" the truck. The evidence was uncontroverted that defendant's truck had been moved by the informants from a position on the highway, where it may have been under the control of defendant, to the shoulder, where it was found by the arresting officers. Under those circumstances the arrest was improper. Minn.St. 629.34; *State v. Miller*, 290 Minn. 33, 185 N.W.2d 872 (1971); and *Smith v. Hubbard*, 253 Minn. 215, 91 N.W.2d 756 (1958). See, also, *State v. Dax*, 290 Minn. 546, 188 N.W.2d 422 (1971).

292 Minn. at 506, 195 N.W.2d at 587.

In a subsequent license revocation case, *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972), there is dictum suggesting that *Cormican* might control in the factual context we have here, so the district court appeal panel cannot be faulted for its decision. We have, however, decided to limit *Cormican* to its facts. *Cormican* was a "DWI" case, not a license revocation case.

█ Extending *Cormican* to the facts of this case would put too much significance on the choice of words used by the officer in arresting defendant. Minn.Stat. § 611.01 (1980) provides that every person arrested by an officer has a right to know the "true ground of his arrest."[2] But this ordinarily should not render an arrest unlawful merely because the arresting officer erroneously, inaccurately or imprecisely states the grounds for arrest, particularly where the officer acts in good faith and the defendant is not prejudiced by the inaccuracy. *See* 6A C.J.S. *Arrest* § 48 (1975). To rule that the arrest was invalid because the officer arrested defendant for "operating, driving under influence" rather than for being "in physical control" would elevate form over substance. It seems clear that the officer was speaking generically when he arrested defendant. Opinions of this court, not to mention the public generally, often refer to section 169.121 as prohibiting "driving under the influence," when more precisely the statute prohibits driving, operating, or being in physical control of a vehicle while under the influence of alcohol or a controlled substance or when one's blood alcohol concentration is .10% or more.[3] Further, there is an appearance of overlap in the kinds of conduct specified in section 169.121. As we observed in *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981), some courts have interpreted conduct such as defendant's conduct as falling within the definitions of "driving" and "operating." The focus then

---

**2.** Minn.Stat. § 611.01 (1980) provides in full as follows:

Every person arrested by virtue of process, or taken into custody by an officer, has a right to know from such officer the true ground of his arrest; and every such officer who shall refuse to answer relative thereto, or shall answer untruly, or neglect on request to exhibit to him, or to any person acting in his behalf, the precept by virtue of which such arrest is made, shall be punished by a fine not exceeding $1,000, or by imprison-

ment in the county jail not exceeding one year.

**3.** Similarly, one often speaks generally of the offense of receiving stolen property when in fact the applicable statute, Minn.Stat. § 609.53 (1980), "includes a number of different legal concepts in addition to and separate from receiving," including concealing, possessing and transferring. *State v. Lawrence*, 312 N.W.2d 251, 253 (Minn.1981).

should not be solely on the semantic nicety of the words used by the officer but on all the facts and surrounding circumstances. With this in mind, we are satisfied that the officer adequately informed defendant that he was under arrest for a witnessed violation of section 169.121, and that defendant was not misled to his prejudice as a result of the officer's choice of words.

Because the officer observed defendant violate section 169.121, and because defendant was legally arrested for violating the statute, we conclude that the officer was justified in giving an implied consent warning to defendant and that the revocation of defendant's license based on the results of the blood alcohol test was proper.

Reversed.