**STATE of Minnesota, Respondent,**

v.

**Steven Ray STUDDARD, Appellant.**

**No. C6–83–499.**

Supreme Court of Minnesota.

Aug. 3, 1984.

Richard D. Genty, Public Defender, Winsted, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Jerry Anderson, Sp. Asst. Attys. Gen., St. Paul, Pete Kasal McLeod, County Atty., Glencoe, for respondent.

KELLEY, Justice.

Pursuant to a stipulation, defendant waived his right to a jury trial and was found guilty by the trial court of burglary, Minn.Stat. § 609.58, subd. 2(3) (1982). The trial court sentenced defendant to 25 months in prison. On appeal defendant contends that the omnibus court erred in denying his motion to suppress on fourth amendment grounds. We affirm.

Early on September 3, 1982, Hutchinson police officer Charles Jones observed a vehicle with Wyoming license plates being driven erratically by defendant. Defendant stopped the vehicle, apparently on his own, in the lot of a shopping center. The officer stopped behind defendant's vehicle and, after observing defendant lean forward to the right, got out and approached the driver's side of the vehicle. As the officer did so, he saw liquid running from between the driver's door and the doorsill and foaming as it hit the surface of the lot. Upon opening the driver's door, the officer smelled the odor of beer and saw that the liquid was coming from under the driver's seat. Believing that the liquid was beer, he ordered defendant out of the car and then leaned down to reach under the seat. While doing this, he saw, on the floor in the open, a transparent plastic bag containing hypodermic syringes. He seized the plastic bag and an open beer bottle with a small amount of beer left in it from under the seat. A closer look at the bag revealed that it contained what appeared to the officer in his professional experience to be controlled substances. After arresting defendant for possession of controlled substances, the officer searched the passenger compartment and found more drugs. The drugs seized by the officer, as well as other drugs and items later seized in warranted searches of the vehicle and of defendant's motel room, connected defendant to the September 2 burglary of the Hutchinson drug store. Defendant was convicted of that burglary.

■ The omnibus court ruled that the arresting officer did not violate defendant's fourth amendment rights and we agree. The officer clearly was justified in approaching defendant's stopped car, particularly given defendant's erratic driving. *Florida v. Royer,* 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983); *State v. Kvam,* 336 N.W.2d 525, 528 (Minn.1983); *State v. Vohnoutka,* 292 N.W.2d 756, 757 (Minn. 1980). The officer's sensory perceptions— both visual and olfactory—gave him grounds for believing that defendant had violated the so-called open bottle law, Minn. Stat. § 169.122 (1982). *State v. Schinzing,* 342 N.W.2d 105, 109 (Minn.1983); *State v. Zuehlke,* 320 N.W.2d 79 (Minn.1982). Pursuant to the motor vehicle exception to the warrant requirement, the officer was justified in searching anywhere in the passenger compartment where those open bottles might be found. *Schinzing,* 342 N.W.2d at 109; *State v. Alesso,* 328 N.W.2d 685, 688 (Minn.1982); *State v. Veigel,* 304 N.W.2d

900 (Minn.1981). In reaching into defendant's vehicle in order to find and seize the bottle from which the beer was running, the officer observed the contraband in plain view. *Schinzing*, 342 N.W.2d at 109; *State v. Yaeger*, 277 N.W.2d 405, 407–08 (Minn.1979). That observation in turn justified the warrantless arrest of defendant for the drug offense and the subsequent search of the rest of the passenger compartment both as an incident of the arrest and pursuant to the motor vehicle exception to the warrant requirement. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Schinzing*, 342 N.W.2d at 110; *State v. Frazier*, 318 N.W.2d 42, 43 (Minn.1982); *State v. Veigel*, 304 N.W.2d 900 (Minn.1981).

Referring to the limitation of Minn.Stat. § 629.34 (1982)—that a police officer may arrest a person without a warrant for a misdemeanor only if the misdemeanor is committed in the officer's "presence"—defendant argues that the officer had no basis for opening the door and reaching in for the beer bottle because the officer did not know that the liquid running onto the pavement was beer or that it came from a container that was open while the vehicle was on a public road. The open bottle law, Minn.Stat. § 169.122 (1982), does not prohibit having an open bottle in a motor vehicle in a private lot (only on a public highway). In *State v. Tungland*, 281 N.W.2d 646 (Minn.1979), we stated that the observation of an open bottle in open view in a car parked on a private lot did not give the investigating officer grounds for entering the car and searching a grocery bag because it is not a violation of the open bottle law for a person to leave an open bottle in a car parked in a private lot. In this case the officer observed defendant driving the vehicle on a public road, and moments later when the officer approached defendant's stopped vehicle, he made sensory observations indicating that defendant had an open bottle in the vehicle. Under the approach that we have taken in applying section 629.34—*see State v. Dax*, 290

Minn. 546, 188 N.W.2d 422 (1971)—the open bottle violation was committed in the officer's presence. *Marben v. State, Department of Public Safety*, 294 N.W.2d 697 (Minn.1980); *State v. Zuehlke*, 320 N.W.2d 79 (Minn.1982). In any event, the limitation of section 629.34 applies to arrests, not to police investigatory conduct short of arrest. *State v. O'Neill*, 299 Minn. 60, 216 N.W.2d 822 (1974).

Affirmed.