STATE of Minnesota, Respondent,

v.

William John MILLER, Appellant.

No. C4–83–1974.

Court of Appeals of Minnesota.

Aug. 7, 1984.

George O. Ludcke, Minneapolis, for respondent.

F. Patrick McGrath, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of a DWI conviction for being in physical control of a vehicle while under the influence of alcohol and with an alcohol concentration of .10 or more, in violation of Minn.Stat. § 169.121, subd. 1(a) and (d) (1982). Appellant William Miller claims the arrest was invalid because the offense was not committed in the officer's presence. He further claims the trial court erroneously granted the state's motion to amend the complaint by charging Miller with being in physical control of a motor vehicle rather than driving a vehicle. We affirm.

## FACTS

On March 21, 1982, at 12:15 a.m., Patrolman John Dennig of the Minnesota State

Highway Patrol was driving westbound on Highway 55 in Golden Valley, Minnesota. He observed an automobile in the ditch on the north side of the highway with its headlights on and one person behind the steering wheel. Dennig stopped and observed Miller standing on the roadside about eight feet from the car, hitchhiking. No other persons were observed at the scene. Miller walked to Dennig's squad car, at which point Dennig observed that Miller had a strong odor of alcohol on his breath, bloodshot and watery eyes, and slurred speech. Dennig placed Miller under arrest, charging him with driving under the influence and driving with an alcohol concentration of .10 or more and invoked the implied consent law. Miller agreed to take a breath test, which revealed an alcohol concentration of .23.

At an omnibus hearing, the trial court held that Miller's arrest was valid. At the trial, over Miller's objection, the trial court granted the state's motion to amend the complaint after the state rested to reflect that Miller was being charged with being in physical control of a vehicle while intoxicated rather than driving a vehicle. The trial court also denied Miller's request to dismiss for failure to prove that Miller was driving.

### ISSUES

1. Was Miller's arrest invalid because the original offense charged of driving under the influence was not committed in the officer's presence?

2. Did the trial court abuse its discretion in granting the state's motion to amend the complaint during the trial to reflect that Miller was charged with being in physical control of a vehicle?

### ANALYSIS

#### I

■ Miller's initial contention is that his arrest was invalid because the trial court substituted "probable cause" for the "in presence" requirement of a misdemeanor arrest under Minn.Stat. § 629.34, subd. 1 (1982).

The trial court's findings that Trooper Dennig had probable cause to arrest appellant for being in physical control of a vehicle while under the influence and that the offense was committed in Dennig's presence, was supported by the evidence. Dennig drove past a person sitting in a car in a ditch; he turned and headed back and then observed Miller standing on the roadside eight feet from the car and hitchhiking. There was no one else in the vicinity. His subsequent observations of Miller's alcohol consumption gave Dennig reasonable and probable cause to believe that Miller had committed the offense of being in physical control of a vehicle while under the influence. *See State v. Thurmer,* 348 N.W.2d 776 (Minn.Ct.App.1984). These combined facts constituted the commission of the offense in Dennig's presence.

#### II

■ Miller further contends the trial court should not have permitted an amendment to the complaint during trial changing the charge from driving the vehicle while intoxicated to being in physical control of the vehicle.

At his arrest, Dennig told Miller "he was under arrest for being in physical control of a vehicle while under the influence of an alcoholic beverage". At the omnibus hearing the prosecutor advised the court that he was proceeding under a physical control theory. At the close of the state's case the trial court granted the state's motion to amend the complaint to specify the allegation that Miller was in physical control of a vehicle.

Rule 17.05 of the Minnesota Rules of Criminal Procedure specifically allows such an amendment:

> The court may permit an indictment or complaint to be amended at any time before a verdict or finding if no additional or different offense is charged and if

substantial rights of the defendant are not prejudiced.

Rule 17.05, Minn.R.Crim.P.

The Minnesota Supreme Court has recognized that Minn.Stat. § 169.121 is generically referred to as prohibiting driving under the influence. *State, Dept. of Public Safety v. Rice*, 323 N.W.2d 74, 76 (Minn. 1982). The language of the statute includes both "driving" and being "in physical control." Minn.Stat. § 169.121, subd. 1 (1982).

The amendment to the complaint merely restated with particularity the original complaint of driving under the influence. It did not allege a new offense. *State v. Jansen*, 207 Minn. 250, 290 N.W. 557 (1940). No prejudice was shown by Miller. The trial court found that the prosecutor had consistently referred to the physical control issue, that counsel for both sides had discussed the physical control instruction, and that essentially the same offense was involved. The evidence sustained the trial court's findings and the court did not err in denying Miller's request to dismiss the complaint.

### DECISION

Miller's arrest for being in physical control while under the influence was valid. The trial court did not abuse its discretion in granting the state's motion to amend the complaint during the trial to reflect that Miller was charged with being in physical control of a vehicle.

Affirmed.