**STATE of Minnesota, Respondent,**

v.

**Thomas James MUNOZ, Appellant.**

**No. C4–85–1669.**

Court of Appeals of Minnesota.

April 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

Jay P. Yunek, Bruce H. Hanley, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant Thomas Munoz appeals his conviction for possession of methamphet- amine. He claims (1) the police lacked probable cause to make a warrantless search and a warrantless arrest and (2) the evidence was insufficient as a matter of law to prove he was in possession of meth- amphetamine. We affirm.

## FACTS

On or about November 14, 1985, ser- geant-investigator Richard J. Freichels, narcotics division, St. Paul Police Depart- ment, received a telephone call from a con- fidential informant. They spoke for 10–15 minutes. The informant stated appellant Thomas Munoz had been attempting to sell methamphetamine (speed) at the Horseshoe Bar in St. Paul and appellant had a large amount of methamphetamine on his person. Freichels was also told appellant was driv- ing a 1970 or 1971 green LTD and appel- lant was staying at 508 Thomas Avenue in St. Paul. Freichels had received informa- tion from the informant in the past that led to burglary arrests and recovery of stolen property.

On November 15, 1985, within 24 hours of the informant's call, Freichels set up surveillance at 9:30 a.m. near 508 Thomas. An older green LTD was parked at that address. Freichels did not look inside the vehicle. At 10:30 a.m., he observed a male enter the green LTD and drive away. Frei- chels pursued the vehicle and was able to identify appellant. Although he had never met Munoz, Freichels was aware of appel- lant's identity and criminal history.

Freichels radioed for a uniformed patrol to assist in stopping appellant. Patrol offi- cer Rhio Beckman responded. On Frei- chels' instructions, Beckman turned on his red lights and stopped appellant. Freichels testified appellant, prior to being stopped, leaned to the passenger side of the LTD such that appellant was barely visible. Freichels knew appellant's reputation was for being occasionally armed. He testified he warned Beckman to be careful. Beck- man testified he observed appellant lean to the passenger side after being pulled over.

Appellant was ordered from the LTD. Beckman took control of him, frisked him for weapons and found none. Freichels leaned through the driver's entrance to the LTD and saw in plain view lying on the passenger side front floor mat a package of glassine envelopes. Freichels then entered the vehicle and searched below both front seats. Lifting up the armrest, Freichels found a second plastic package containing glassine envelopes, these containing white powder.

Upon seizing the packages, Freichels went to appellant and placed him under arrest for possession of a controlled substance. Freichels possessed neither a search nor an arrest warrant. Appellant was advised of his *Miranda* rights. Appellant looked at the packages and stated it was not his speed. Freichels counted 13 glassine envelopes containing powder which he later placed in a crime lab locker at police headquarters.

On November 16, 1985, criminalist James Gag removed 14 bindles from the lab locker. Freichels later testified he had miscounted the bindles. Randomly selecting one envelope, Gag analyzed the contents with a gas chromatograph mass spectrometer. He concluded the powder was methamphetamine.

Appellant was charged on four counts: count I, possession of methamphetamine with intent to sell; count II, possession of methamphetamine with intent to distribute; count III, possession of methamphetamine with intent to deliver; and count IV, possession of methamphetamine. On December 5, 1984, an omnibus hearing was held. The trial court found probable cause "to stop and detain the defendant, to search the defendant's automobile, and to formally arrest defendant." Appellant's motion to suppress was denied.

Appellant waived his right to a jury trial. The State's motion to consolidate counts I, II and III and renumber count IV to count II was granted. Appellant pled not guilty to both amended counts. The trial court found appellant not guilty of the consolidated count of possession with intent to

sell, distribute or deliver, but guilty of count II, possession of speed. Appellant was freed on $10,000 bail. The trial court sentenced appellant to 19 months and allowed appellant to remain free on bail pending determination of his appeal.

## ISSUES

1. Did the trial court err in concluding probable cause existed to justify warrantless search and arrest?

2. Was there sufficient evidence to establish possession?

## ANALYSIS

1. Appellant claims the State did not establish probable cause. He asserts statements made by the informant were insufficient, of little significance and of questionable reliability. He argues Freichels' predisposed and subjective opinion of appellant is not significant. He states his movements inside the LTD were not suspicious. Appellant claims because probable cause was not established, the warrantless search and arrest was improper.

Searches and seizures made without benefit of a search warrant are per se unreasonable and contrary to the Fourth Amendment. If the search and seizure was conducted without a warrant and no exceptions apply, the evidence will not be used against the defendant.

One among a number of exceptions to the warrantless search rule is critical here. Where probable cause exists and there are exigent circumstances, the officer may properly execute a warrantless search and seizure. That rule commonly takes the form of the automobile exception to the warrantless search rule. *See Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Where vehicles are involved in a police investigation, the police may conduct a warrantless search of the vehicle if there is probable cause to believe the vehicle contains evidence of a crime and if the police face the exigency that the vehicle may disappear by the time a warrant is obtained.

*State v. Hiler,* 376 N.W.2d 760, 762 (Minn. Ct.App.1985) (citations omitted).

> The test of probable cause is whether the objective facts are such that under the circumstances "a person of ordinary care and prudence [would] entertain an honest and strong suspicion" that a crime has been committed. *State v. Johnson,* 314 N.W.2d 229, 230 (Minn.1982) (quoting *State v. Carlson,* 267 N.W.2d 170, 173 (Minn.1978)). * * *
>
> On review, we must determine whether the trial court clearly erred in finding that the officer lacked probable cause * * *.

*State v. Skoog,* 351 N.W.2d 380, 381 (Minn. Ct.App.1984) (citations omitted).

The State argues the totality of the circumstances created a fair probability the vehicle appellant was driving contained contraband. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The State cites (1) information the police received from the confidential informant, (2) Freichels' personal knowledge regarding appellant, (3) appellant's furtive movements upon detecting the police, and (4) Freichels' observance of glassine envelopes in plain view inside the car.

■ Appellant questions the informant's reliability, but credibility and reliability may be inferred from past behavior. Freichels testified he had received information in the past from this informant. Use of past tips led to burglary arrests and recovery of stolen property. Here, the informant's information appellant drove an older model, green LTD and stayed at 508 Thomas were corroborated by subsequent observation by the police.

■ The record does not establish the basis of the informant's knowledge. Even so, failure to set forth basis of knowledge is not necessarily fatal. *See Gates,* 462 U.S. at 233, 103 S.Ct. at 2329.

■ Freichels' personal knowledge of appellant is relevant. *See United States v. Harris,* 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971). Freichels had received other complaints regarding appellant's sale of drugs and use of methamphetamine during the previous five years. Informants and officers had told Freichels appellant was known to carry guns. Freichels was also aware of appellant's previous felony convictions. This knowledge served to corroborate the informant's tip allowing further basis for probable cause.

■ Furtive gestures can provide a basis for probable cause. *See State v. Gallagher,* 275 N.W.2d 803 (Minn.1979) (automobile passenger attempted to shield brown paper bag containing contraband from police officer's view). Both police officers testified they saw appellant lean toward the passenger side of the vehicle prior to exiting. Appellant asserts a reasonable explanation for his movement was his reaching for his wallet to produce a driver's license. Freichels testified appellant's left hand remained on the steering wheel when leaning to his right. Given that position, it seems unlikely appellant was reaching for identification.

An officer "may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person." Mere suspicion, however, does not equal probable cause. *Skoog,* 351 N.W.2d at 381 (citations omitted). Given the totality of the circumstances, it was not unreasonable for Freichels to conclude appellant was likely concealing either contraband or a weapon.

■ Upon observing evidence in plain view, a warrantless search of the remainder of the passenger compartment is justified. *See State v. Studdard,* 352 N.W.2d 413 (Minn.1984). Here, Freichels observed glassine envelopes in plain view on the passenger side front floor mat. Having served in the narcotics division for several years, he was familiar with such containers as being commonly used to market controlled substances. It was reasonable given the totality of the circumstances for Freichels to conclude controlled substances might be present, and he was therefore

justified in searching those areas of the car likely to contain such evidence.

■ Regarding appellant's arrest:

Probable cause for arrest exists where the facts of a situation would lead " 'a person of ordinary care and prudence [to] entertain an honest and strong suspicion' that the crime has been committed" and that the defendant committed it.

*State v. Liggons*, 348 N.W.2d 785, 787 (Minn.Ct.App.1984) (citations omitted), *pet. for rev. denied*, (Minn. July 26, 1984). The totality of the circumstances, including the informant's tip, Freichels' experience, appellant's furtive movements and seizure of contraband, indicate Freichels reasonably had a strong suspicion appellant had committed a crime. *See Studdard*, 352 N.W.2d at 415.

2. Appellant claims the evidence does not prove beyond a reasonable doubt he was in possession of the speed found in the automobile he was driving.

In reviewing a claim of sufficiency of the evidence we must determine whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude that the defendant was guilty of the offense charged. *State v. Merrill*, 274 N.W.2d 99 (Minn. 1978). The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Wahlberg*, 296 N.W.2d 408 (Minn.1980).

*State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). This standard of review is applicable to court trials. *City of Minnetonka v. Carlson*, 298 N.W.2d 763, 766 (Minn.1980); *State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984).

*State v. Peterson*, 379 N.W.2d 116, 117 (Minn.Ct.App.1985).

Appellant was convicted under Minn. Stat. § 152.09, which states:

.[I]t shall be unlawful for any person * * * to

    *     *     *     *     *     *

(2) Possess a controlled substance, except when the possession is for his own use and is authorized by law.

Minn.Stat. § 152.09, subd. 1(2) (1984). Appellant does not challenge methamphetamine as a controlled substance. He argues the State failed to adequately establish he was in possession of the methamphetamine.

■ The State bears the burden of proving

defendant consciously possessed, either physically or constructively, the substance and that defendant had actual knowledge of the nature of the substance. LaFave & Scott, Criminal Law, § 25, p. 182.

*State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975).

The Minnesota Supreme Court has established:

that in order to prove constructive possession the state should have to show (a) that the police found the substance in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it.

*Id.* at 105, 226 N.W.2d at 611.

Appellant was not the registered owner of the LTD. The record does not clearly indicate who the owner was. Freichels stated the car was supposed to have been junked and now had three owners. Freichels did testify the car was given to appellant for his use.

■ The State argues it has proved beyond a reasonable doubt appellant's conscious dominion and control over the speed at the time the police stopped him. The totality of the circumstances indicates the State has met its burden of proof. Appellant's furtive movements, his ability to

identify the controlled substance and his sole occupancy of the vehicle could be interpreted as conscious dominion and control beyond a reasonable doubt.

### DECISION

Probable cause to make a warrantless search of an automobile and a warrantless arrest of appellant existed. The evidence was sufficient to establish beyond a reasonable doubt appellant's possession of methamphetamine.

Affirmed.